**Frank ROY and Grace Roy, Appellants,**

**v.**

**John H. LANDERS and Leona Landers and Landers Investment Company, Respondents.**

No. 54639.

Supreme Court of Missouri,
Division No. 2.

May 10, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied June 14, 1971.

Gerritzen & Gerritzen, by Ray A. Gerritzen, St. Louis, for plaintiffs-appellants.

Kenneth Teasdale, Frank N. Gundlach, Armstrong, Teasdale, Kramer & Vaughn, St. Louis, for defendants-respondents.

PRITCHARD, Commissioner.

The appellants brought suit for malicious prosecution against respondents based upon a civil "conspiracy" action which the Landers Investment Company had filed against appellants in the United States District Court for the Western District of Arkansas. The amount of actual and punitive damages now prayed for is $60,400.00 total.

The original action was filed in Arkansas on September 7, 1965, and appellants were served with summons therein on September 9, 1965. They employed counsel and paid him $154.50 for appearance, discovery proceedings, and procuring the dismisssal of the case on motion. The facts pleaded and the record here show that all the alleged wrongful acts of respondent took place and arose out of occurrences in Arkansas near the Bull Shoals Lake. According to the order of dismissal by the federal court the basis therefor was stated to be that although Landers Investment Company was a Missouri corporation its principal place of business was in Arkansas by reason of its operation of the Crow-Barnes Resort on Bull Shoals Lake.

On March 31, 1971, there was filed the suggestion of death of respondent John H. Landers as of March 21, 1971. The action here was brought against John H. and Leona Landers and the Landers Investment Company, and the allegations were

that these three parties acted jointly in bringing the original action in Arkansas. In such case this action does not abate as to the surviving parties under Civil Rule 52.12(b), V.A.M.R., but shall proceed in favor of or against them.

The dispositive issue in this case turns upon the application of Arkansas law where the alleged tort of malicious prosecution and all the acts leading thereto occurred and where the parties were residing and were in business at the time. The "principal contacts" rule recently announced in Kennedy v. Dixon, Mo., 439 S. W.2d 173, abandoning the theretofore existing *lex loci delicti* rule of choice of law in transitory tort actions, demands that the law of Arkansas be applied because the law of that state has the most intimate contact with the facts. No facts here are analogous to those in the Kennedy case where the host-guest relationship arose in this state. There is no concern of this state in protecting persons who have actions in malicious prosecution which would be like Missouri's interest in protecting guest passengers from negligent injury by Missouri hosts, mentioned at page 185 of the Kennedy opinion. And lending support to the conclusion that there is no special protectible interest in plaintiffs' claim is the fact that malicious prosecution actions are not favorites of the law. Bonzo v. Kroger Grocery & Baking Co., 344 Mo. 127, 125 S.W.2d 75.

■ Although there is a split of authority as to whether jurisdiction of a court over the original proceedings is a necessary element of a suit for malicious prosecution (54 C.J.S. Malicious Prosecution, § 6, p. 957), the state of Arkansas long ago pronounced upon the subject. In Vinson v. Flynn, 64 Ark. 453, 43 S.W. 146, 46 S.W. 186, 39 L.R.A. 415, Vinson sought to sue out a writ of possession of leased premises against Flynn before a justice of the peace, who had no jurisdiction of the subject matter of the action, the writ being void. The court held that because of such lack of jurisdiction the action in malicious prosecution would not lie. It reasoned, loc. cit. 43 S.W. 149, " 'The essential ground of this action is that a legal prosecution was carried on without probable cause.' That being true, the action cannot be maintained on account of a prosecution or suit, the subject-matter of which was without the jurisdiction of the court in which it was instituted and continued. In that case all process issued, orders made, judgments rendered, and proceedings had, would be absolutely void; and the action of the parties would stand as though unattended by any judicial act, process, or proceeding, and completely devested of judicial authority, and the parties would be liable as they would have been had they acted without the authority, real or pretended, of any officer or court." The Vinson case followed an earlier case, Lemay v. Williams, 32 Ark. 166, 175, and stands unchanged. In this case, diversity of citizenship was necessary for the Arkansas federal court's jurisdiction. It found that no such diversity existed and dismissed the case. Distinguishable is Southern Farmers Association v. Whitfield, 238 Ark. 607, 383 S.W.2d 506, 507, holding that *abandonment* of the prosecution of the original action was a sufficient termination thereof to form the basis of a malicious prosecution action.

The judgments in favor of Leona Landers and the Landers Investment Company are affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.