**Dorothy VAN DOREN,
Plaintiff-Appellant,**

v.

**Elsie COOK, Defendant-Respondent.**

**No. 46685.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 26, 1984.

Murray Stone, St. Louis, for plaintiff-appellant.

Don B. Sommers, St. Louis, for defendant-respondent.

SIMON, Judge.

Dorothy Van Doren, the tenant (plaintiff), appeals from a judgment in favor of Elsie Cook, the landlord (defendant), in an action for injuries sustained by plaintiff in a fall on the steps of her rented residence. Judgment was entered pursuant to a jury verdict in the Circuit Court of the City of St. Louis.

On appeal, the plaintiff contends that the trial court erred: (1) in submitting an erroneous contributory negligence instruction (modified MAI 32.03); (2) in permitting the defendant to amend her answer to deny that she was ever in control of the area where the plaintiff fell. We reverse.[1]

A brief rendition of the facts are set forth. The plaintiff, Dorothy Van Doren, resided at 634 East Carrie Street in St. Louis for three years prior to the occurrence, and was residing there at the time of her fall on October 3, 1979. She rented a unit consisting of a kitchen, living room, bedroom and bath. The unit had two exits, but only one was passable as the other had been permanently nailed shut. The usable exit led to a small porch and a 3 foot high stairway which descended to street level. This porch and stairway serviced only the plaintiff's residence. The defendant was the landlord and owner of the described property prior to and on the date of plaintiff's fall.

At the defendant's request, Mr. James Caldwell began making repairs on the porch and stairway on October 1, 1979. He had been employed by the defendant on several other occasions to make repairs on her property. Caldwell was not a licensed carpenter and had not obtained a city building permit. The defendant provided most of the necessary supplies for the work. The plaintiff was not at home on the day of the repairs. She had been staying with a friend, Rose Babel, and had no knowledge of the repairs, nor had she been informed that any repairs had begun. The plaintiff and Babel returned to 634 East Carrie around 10:30 p.m., October 2, 1979. Noticing nothing unusual in the condition of the stairway and porch, the women ascended the stairs, crossed the porch, and entered the residence without incident. They retired there for the evening. The women awoke around noon on October 3 to the sound of hammering. Plaintiff discovered that Mr. Caldwell was hammering in the corner of the porch but at that point did not question his presence. A short time later Mrs. Babel left to get breakfast for the

---

1. *See Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983); *Hudson v. Carr,* 668 S.W.2d 68 (Mo. banc 1984).

plaintiff and herself. She left by the doorway leading to the porch where Mr. Caldwell was still working. At that point, Mr. Caldwell halted his work to physically hold the steps in place so that Mrs. Babel could descend. She did so safely. Mr. Caldwell then returned to his work leaving the unsecured steps resting against the porch. Later, the plaintiff, speaking through the doorway, asked Mr. Caldwell if she could come outside and he replied: "Uhhuh." At that point she proceeded across the porch to the stairway. As she placed her foot on the top step, the step separated from the porch and she fell to the ground, sustaining her injuries. The jury returned a verdict for the defendant. On appeal, plaintiff contends that the submission of the contributory negligence instruction (modified MAI 32.03) was reversible error. The instruction read as follows:

Your verdict must be for the defendant if you believe:

First, the plaintiff knew facts from which it was reasonably apparent that the steps were not safe to use, and

Second, the plaintiff attempted to use the steps, and

Third, the plaintiff was thereby negligent, and

Fourth, such negligence directly caused or directly contributed to any damages the plaintiff may have sustained.

The plaintiff contends the instruction misled the jury in that it provided that if plaintiff knew of the condition of the steps and attempted to use them, she was contributorily negligent and barred from any recovery.

■ In areas which are not designated by contract or by definition as common areas under a landlord's control, but are areas that a landlord has undertaken to repair voluntarily or by consent, the landlord must exercise reasonable care in undertaking repairs and is liable for injury caused by negligence or unskillfulness in repairing or in leaving the premises in an unsafe condition. *Bartlett v. Taylor*, 351 Mo. 1060, 174 S.W.2d 844, 847–8 [1–2] (Mo. 1943). Here, the record indicates that the defendant voluntarily initiated repairs. By so doing, she assumed control of the area.

■ Where a tenant has exercised reasonable care in descending stairs, mere knowledge that repairs were being performed thereon and subsequent use of the stairs would not bar recovery for injury proximately caused by the condition of the stairs. *Roman v. King*, 289 Mo. 641, 233 S.W. 161, 164–5 [4–5, 6] (Mo.1921). The plaintiff may have considerable knowledge of the physical fact, "but considering that he had some right to rely on the assurance of safety implied in the repairs we cannot say that he had such comprehension of the risk of injury involved" that the danger was fully appreciated and he proceeded in utter disregard of the consequences. *Bartlett v. Taylor*, 174 S.W.2d at 851 [10–12].

■ Under these facts, the trial court erred in submitting the contributory negligence instruction because it does not adhere to the principle of law as set forth in *Bartlett* and thereby misled the jury. Since the resolution of the first point is dispositive of the appeal, the second point will not be addressed.

Reversed and remanded.

CRIST, P.J., and PUDLOWSKI, J., concur.

