Tom LOVEN and Donna Loven, Plaintiffs–Appellants,

v.

Stanley DAVIS (Deceased) and Neva Davis, Defendants–Respondents.

No. 16117.

Missouri Court of Appeals, Southern District, Division One.

Jan. 17, 1990.

Betty A. Pace, Springfield, for plaintiffs-appellants.

David F. Sullivan, Springfield, for defendants-respondents.

GREENE, Judge.

Plaintiffs, Tom Loven and his wife, Donna, appeal from a ruling by the trial court that sustained the motion of defendant, Neva Davis, to dismiss Counts I and II of a petition the Lovens had filed naming Neva Davis and her husband, Stanley Davis, as defendants.[1] We affirm.

The petition was filed August 14, 1985, after which motions, answers, and discovery requests were filed. On November 24, 1985, Stanley Davis died. There is nothing in the record that indicates a suggestion of his death, or a request for the substitution of a personal representative for, or successor to, Stanley Davis was ever filed with the trial court.

Notice of appeal was filed December 30, 1988, after which, on July 5, 1989, a suggestion of Stanley's death was filed with this court in the form of a Greene County Probate Court order refusing letters of administration for his spouse, Neva Davis. On its own initiative, this court directed the parties to address the issue of whether there is a final judgment in this case from which appeal will lie, due to the fact that Stanley Davis died and no personal representative was appointed to represent his interests in the case below.

We address this issue first, since if there is no final judgment, appeal will not lie. Section 507.100.1(2)[2] provides:

> In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

Rule 52.13(a)(2) is to the same effect, and states:

> In the event of the death of one or more of the plaintiffs or one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the death shall be suggested on the record and the action shall proceed in favor of or against the surviving parties.

---

1. The petition was in three counts. The first two counts named Mr. and Mrs. Davis as the defendants, while the third named Allan Baker as the sole defendant. After a settlement with Baker, Count III of the petition was dismissed by mutual consent, and is not subject matter in this appeal.

2. Unless indicated otherwise, all references to statutes are to RSMo, 1986, V.A.M.S. (Cum. Supp.1989), and all references to rules are to Missouri Rules of Court, V.A.M.R.

If Stanley Davis had been the sole defendant, the fact that no successor was appointed for him in the trial court after his death would have been fatal to any cause of action brought by or against him, and any judgment rendered for or against him would have been void. *Haley v. City of Linn Creek,* 583 S.W.2d 590, 591 (Mo. App.1979). However, Stanley's death did not affect the continuation of the action against Neva Davis, and the subsequent ruling in her favor. *Manson v. Wabash Railroad Company,* 338 S.W.2d 54, 57 (Mo. banc 1960); *Roy v. Landers,* 467 S.W.2d 924, 925 (Mo.1971); § 507.100.1(2); Rule 52.13(a)(2). The death of Stanley, and failure to file suggestions of his death with the trial court, which resulted in no successor or personal representative being appointed to represent his interests, terminated the action against him. Therefore, any part of the trial court's ruling on the motion to dismiss referring to Stanley Davis is void, but does not affect the ruling which applies to Neva Davis. The judgment is a final judgment as to the Lovens' assertion of their right to appeal against Neva.

We, therefore, turn to the other issues on appeal. Since the appeal is based on the trial court's ruling sustaining the motion of Neva Davis to dismiss Counts I and II of the Lovens' petition against her, our standard of review is as follows:

> Where a petition is attacked by a motion to dismiss for failure to state a claim the mere conclusions of the pleader are not admitted. However, in passing on the sufficiency of the petition the facts alleged are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. If the facts pleaded and the reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's viewpoint show any ground for relief, then the petition should not be dismissed. (Citations omitted.)

*Johnson v. Great Heritage Life Insurance Co.,* 490 S.W.2d 686, 690 (Mo.App.1973).

Counts I and II of the petition state as follows:

COMES NOW the Plaintiffs, TOM and DONNA LOVEN, and for this cause of action against the said Defendants, STANLEY AND NEVA DAVIS, state as follows:

1. That the said STANLEY and NEVA DAVIS were the owners of a home formerly located at Rt. 2, Box 144, Ash Grove, Missouri.

2. That the Plaintiffs were current in rent and had performed their obligations under the lease agreement.

3. That the Plaintiffs suffered a loss as a result of a fire on the 17th day of January, 1985, as a direct result of the lack of habitability of the leased premises. As grounds for stating that the Defendants, STANLEY and NEVA DAVIS, breached their Warranty of Habitability, the Plaintiffs state:

a. That on more than one (1) occassion [sic] they had informed the Defendants, STANLEY and NEVA DAVIS, that the furnace was defective and that fumes emanated from the same;

b. That on more than one (1) occassion [sic], they had informed the owners of the fact that the furnace was malfunctioning and that the same needed to be replaced.

c. That on or about January 14, a repairman worked on the furnace at the request of the Defendant's [sic], STANLEY AND NEVA DAVIS, and that the same malfunctioned after which the Plaintiffs attempted to call and notify the landlord of this fact, who was unavailable.

4. That as a direct result of the breach in the Warranty of Habitability, the Plaintiffs were damaged in the sum of Fifty Thousand ($50,000.00) Dollars from loss of belongings, living expenses and expenses connected with finding an additional home.

WHEREFORE, the Plaintiffs pray for recovery against the Defendants, STANLEY and NEVA DAVIS, in this Count I of their Petition in the amount of Fifty Thousand ($50,000.00) Dollars; for their attorneys fees; for the costs of this litigation and for whatever further and just

relief the Court deems necessary and proper under the circumstances.

## COUNT II

COMES NOW the Plaintiffs, TOM and DONNA LOVEN, and for this Count II of their Petition against the Defendants, STANLEY and NEVA DAVIS, state as follows:

1. They hereby re-alleg [sic] each and every allegation contained in Paragraph One (1), Two (2) and Four (4) of Count I.

2. That the said STANLEY and NEVA DAVIS were notified that there was a defective furnace in the home on numerous occassions [sic] beginning when the Plaintiffs moved in October until the date of the fire on January 17, 1985, that the Defendant's [sic] made only one effort to have the furnace repaired or replaced; that on each occassion [sic] when they were informed that the furnace was defective they refused to have [the] furnace repaired properly or replaced.

3. The Plaintiffs informed the Defendants that the furnace was leaking, that they were having headaches from the fumes, that the landlord witnessed that there was a dish pan [sic] underneath the furnace where the pump was leaking oil, that by their failure to repair the same, the Defendants, STANLEY and NEVA DAVIS, were in fact negligent and were the direct result of the loss suffered by the Plaintiffs.

4. That as a direct result of the negligence of the Defendants, STANLEY and NEVA DAVIS, the Plaintiffs were damaged to the extent of loss of all their household goods, family pets, personal belongings and personal memorabilia, moving expenses and relocation expenses.

WHEREFORE, in this Count II of their Petition against the Defendants, STANLEY and NEVA DAVIS, the Plaintiffs pray for recovery in the amount of Fifty Thousand ($50,000) Dollars for their special damages, the sum of One Hundred Thousand ($100,000) Dollars for general damages, and attorneys fees,

costs of this action and whatever further and just relief the Court deems necessary and proper under the circumstances.

Stanley and Neva Davis filed a motion to dismiss Counts I and II of the petition on the ground that those counts failed to state a cause of action on which relief could be granted. This motion was overruled. Mr. and Mrs. Davis then filed an answer in the nature of a general denial. Following discovery, Neva Davis filed a motion to dismiss Count I of the petition. The motion states as follows:

Comes now Defendant Neva Davis, through counsel, and moves the court to dismiss Count I of the Petition filed herein by Plaintiffs for the reason that said Count I fails to state a claim for which any relief may be granted as against Defendant.

Count I of the Petition seeks to recover damages to personal property owned by Plaintiffs as a result of a fire loss which occurred in January, 1985. Plaintiffs were tenants of the subject premises. Defendant Neva Davis was owner of the premises and landlord. The tenancy was month-to-month.

Count I of the Petition asserts the theory of implied warranty of habitability. This theory of recovery is not recognized in the State of Missouri. *Proffer vs. Randall*, 755 S.W.2d 655 (Mo.App., E.D.1988). A copy of *Proffer vs. Randall* is attached hereto and incorporated herein by reference.

Following this, the trial court made the following entry on the court's docket sheet: "[Plaintiffs] appear in person & with atty B. Pace. [Defendants] Davis appear in person & with atty D. Sullivan. [Defendants] orally renew motion to dismiss Count II. Court sustains [Defendants'] Davis' motions to dismiss Count I & II finding same fail to state a cause of action. Cause dismissed at [Plaintiffs'] costs." This appeal followed.

■ In their first point relied on, the Lovens contend the trial court erred in dismissing Count I of their petition because that count properly pled an action for a breach of an implied warranty of habitabili-

ty. Neva Davis, in her motion to dismiss Count I alleged that such doctrine was not recognized in Missouri, citing *Proffer v. Randall,* 755 S.W.2d 655 (Mo.App.1988). Such assertion is incorrect, as *Proffer* does not so hold. *Proffer* did recognize the doctrine, as enunciated in *Detling v. Edelbrock,* 671 S.W.2d 265, 270 (Mo. banc 1984), which holds that a landlord impliedly warrants the habitability of leased residential property, and that a tenant seeking to state a cause of action for breach of the warranty of habitability must allege facts satisfying the following elements: (1) entry into a lease for residential property; (2) the subsequent development of dangerous or unsanitary conditions on the premises materially affecting the life, health, and safety of the tenant; (3) reasonable notice of the defects to the landlord; and (4) subsequent failure to restore the premises to habitability. Id. 270. *Detling* also holds that proof of breach of the implied warranty of habitability entitles the tenant to pursue traditional contract remedies which include, in a tenant's affirmative suit for damages for breach of the warranty, damages for impaired enjoyment of the premises and consequential damages. Id. 270. Such damages do not include damage to, or loss of, the tenant's personal property as a result of the dangerous condition of the premises. *Proffer v. Randall,* 755 S.W.2d at 657.

An examination of Count I of the Lovens' petition shows that it does not sufficiently allege (1) a lease agreement between the Lovens and the Davises of any particular dwelling; (2) that the malfunctioning furnace created a dangerous condition of the leased premises that affected the life, health, or safety of the tenants; (3) that the furnace was under the control of the landlord, or what provision of the lease required the landlord to fix it; (4) that the malfunctioning of the furnace caused the fire; and (5) a proper measure of damages. In view of these deficiencies, the trial court did not err in dismissing Count I of the petition. The point has no merit.

In their second point relied on, the Lovens claim the trial court erred in dismissing Count II of their petition which was based on the alleged imputed negligence of the Davises in hiring an independent contractor who did not properly repair the furnace.

Under most circumstances, a lessor of land is not subject to liability for injury to his tenant caused by dangerous conditions on the premises. *Dunlap v. Howard,* 629 S.W.2d 664, 666 (Mo.App.1982). This rule does not apply if the landlord has knowledge of a dangerous condition on the premises not discoverable by the tenant and fails to make disclosure of such dangerous condition to the tenant, *Sirna v. APC Bldg. Corp.,* 730 S.W.2d 561, 563 n. 1 (Mo.App. 1987), nor does it apply if the landlord, voluntarily or by consent, undertakes to make repairs to areas of the leased premises, which are not designated by contract or definition as common areas under the control of the landlord, and the landlord does so negligently, and that as a result of the negligence the tenant suffers damage. *Van Doren v. Cook,* 672 S.W.2d 724, 726 (Mo.App.1984).

Count II does not contain allegations that the Davises or their agent were negligent with respect to any effort to repair the furnace, and does not allege that negligent repair proximately caused the fire, which, in turn, caused the damage in question. Count II was fatally defective for failure to make those allegations. *Delmain v. Meramec Valley R–III School Dist.,* 671 S.W.2d 415, 416 (Mo.App.1984). The point has no merit.

The Lovens' third point relied on is merely a rehash of points one and two, and does not merit discussion.

The ruling of the trial court dismissing Counts I and II of the Lovens' petition against defendant Neva Davis was correct, and is hereby affirmed.

CROW, C.J., and PREWITT, J., concur.