**Lisa MARKHAM, Individually and as Plaintiff ad Litem, Plaintiff/Appellant,**

v.

**Romulo J. FAJATIN, M.D., SSM Healthcare St. Louis d/b/a St. Joseph's Health Center, Donald G. Phillips, D.O., Thomas A. Schneider II, M.D., and Thomas A. Schneider, Sr., M.D., Defendants/Respondents.**

**No. ED 83606.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 23, 2003.

Todd N. Hendrickson, Clayton, MO, for Appellant.

Brent Windfield Baldwin, Robert Gerard Jones co/ counsel, Lathrop & Gage Law Firm, St. Louis, MO, for Respondent Romulo Fajatin.

Rodney M. Sharp, Sandberg, Phoenix & Von Gontard, St. Louis, MO, for Respondents SSM Healthcare and Donald G. Phillips.

Paul E. Kovacs, Timothy John Gearin co/counsel, Armstrong, Teasdale, LLD, St. Louis, MO, for Respondents Thomas A. Schneider II and Thomas A. Schneider Sr.

SHERRI B. SULLIVAN, Chief Judge.

Lisa Markham (Appellant) appeals a trial court judgment granting the motion of

several defendants to dismiss Counts IV, VI, and VII for lost chance of recovery and/or survival. Because there is no final, appealable judgment, we dismiss the appeal.

Appellant brought multiple claims against multiple defendants after the death of her mother. Appellant brought a claim against each defendant for medical malpractice and one claim each for lost chance of survival. Defendants SSM Healthcare (SSM), Donald Phillips, and Thomas Schneider II filed motions to dismiss the claims against them for lost chance of survival. After considering the pleadings and arguments, the trial court granted the motions to dismiss and dismissed "Counts IV, VI, VII and any other claim for Lost Chance of Recovery and/or Survival." Appellant then filed the instant appeal.

In response to the appeal, SSM has filed a motion to dismiss the appeal, contending there is no final, appealable judgment because the judgment disposed of fewer than all the issues, claims, and parties in the case. Appellant has filed no response.

An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D. 1993). Any adjudication of fewer than all claims or all parties does not terminate the action and is subject to revision by the trial court at any time until final judgment. Supreme Court Rule 74.01(b): However, the trial court may determine that a judgment as to fewer than all claims or parties is final by expressly designating that "there is no just reason for delay." *Id.*

 If the judgment does not resolve the issues as to all parties or expressly designate "there is no just reason for delay," the judgment is not final and the appeal must be dismissed. *Steinmann v. Davenport*, 97 S.W.3d 18, 20 (Mo.App.

E.D.2002). The final judgment rule is based on the belief that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court. *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 486 (Mo.App. E.D.2000).

Here, the medical malpractice claims are still pending against all the parties. The trial court did not expressly designate in its judgment that "there is no just reason for delay." Therefore, the court's judgment is still subject to revision and is not a final, appealable judgment. We grant SSM's motion to dismiss and dismiss the appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.