**Jody WOLFF, Plaintiff/Respondent,**

v.

**Christine WIBRACHT, Defendant/Appellant.**

**No. ED 85049.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 3, 2005.

Jon R. Sanner, Clayton, MO, Joel D. Monson, St. Louis, MO, for Appellant.

Richard W. Fischer, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Christine Wibracht (Appellant) appeals from the trial court's judgment in favor of Jody Wolff (Respondent). Because there is no final, appealable judgment, we dismiss the appeal.

Respondent filed a four-count petition against Appellant for fraud, rescission, and negligence in the sale of a residential home that Respondent purchased from Appellant. Respondent later dismissed her claim of negligence and the case went to trial on the fraud and rescission claims. After a bench trial, the court entered judgment in favor of Respondent for damages of $22,500 "plus attorney fees and costs, which fees and costs shall be assessed by the Court after a separate hearing." [1] Appellant filed this appeal.

In response to Appellant's appeal, Respondent has filed a motion to dismiss the appeal. Respondent asserts that the court has not entered an order on the attorney's fees and costs and therefore, the judgment is not final and appealable. Appellant has not filed a response to the motion.

An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The purpose of the rule requiring a final judgment is to avoid piecemeal presentation of cases on appeal. *Markham v. Fajatin*, 123 S.W.3d 315, 316 (Mo.App. E.D.2003).

Here, the trial court's judgment expressly states that it is awarding attorney fees and costs, which fees and costs shall be assessed after a separate hearing. According to the record, this hearing has not taken place nor has the trial court determined the amount of attorney fees and costs. "A judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for purposes of appeal." *Gunter v. City of St. James*, 91 S.W.3d 724, 727 (Mo.App. S.D.2002); *Sassmann v. Kahle*, 18 S.W.3d 1, 2 (Mo.App. E.D.2000).[2] Accordingly, the trial court's judgment is not final and appealable.

Respondent's motion to dismiss is granted. The appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J.

---

1. The original petition also named Appellant's husband, Steven Wibracht, who died before the case was tried and judgment entered. A suggestion of death was filed, but no party was ever substituted for Steven Wibracht. The trial court's judgment purported to also enter judgment against Steven Wibracht. Without substitution of a party for him, the trial court should have dismissed the claim against him. *Meadows v. Jeffreys*, 929 S.W.2d 746, 749 (Mo.App. S.D.1996). His death, however, did not affect the continuation of the action against Appellant, nor her subsequent appeal. *See, Loven v. Davis*, 783 S.W.2d 152, 154 (Mo.App. S.D.1990). Because this appeal is being dismissed for lack of a final, appealable judgment, the trial court may wish to clarify this issue. The original lawsuit also named two other defendants, who were later dismissed.

2. The trial court did not make a determination under Rule 74.01(b) that "there is no just reason for delay" in the appeal.