## AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff/Respondent,

v.

## William LINDLEY, Defendant/Appellant, and Joshua Wolf, Defendant.

### No. ED 81908.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Aug. 12, 2003.

Lisa K. Lange, Cape Girardeau, MO, for appellant.

Jeffrey S. Maquire, Cape Girardeau, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

William Lindley ("Insured") appeals the summary judgment entered in favor of American Family Mutual Insurance Company ("Insurer") in its declaratory judgment action. We dismiss the appeal for lack of jurisdiction.

On May 8, 2000, Joshua Wolf, Insured's Grandson ("Grandson") shot and killed Carol Lindley ("Decedent"), Insured's wife, and set fire to the residence in which Grandson resided with Decedent, to cover up his crime. Insured and Decedent had insured the residence under a homeowner's policy issued by Insurer which provided fire insurance for the dwelling and liability insurance for any insured.

Insurer filed the underlying action claiming that Grandson was an insured under the policy, that any claim for fire damage to the dwelling was precluded by an intentional loss exclusion contained in the policy, and that any claim that might be made by Grandson under the liability portion of the policy was barred by an intentional injury exclusion contained in the policy.

Insured filed an answer and counterclaim seeking a declaration that the policy did provide coverage for fire damage because: no written policy containing exclusions was ever provided to Insured or Decedent rendering the exclusions relied upon by Insurer unenforceable; Grandson was not an insured; the exclusions were vague and ambiguous; and Insurer's agent had assured Insured that the coverage he was purchasing would pay off any amounts due and owing under the mortgage in the event of death of any named insured.

■ Both Insured and Insurer filed motions for summary judgment. Neither of the motions complied with the requirements of Rule 74.04 in that neither motion set forth in separately numbered paragraphs the facts claimed not to be in dispute with references to affidavits, depositions or other admissible evidence submitted in support of the respective motions. Indeed, the record before this court is almost incomprehensible. It is clear, however, that neither motion addressed Insured's assertion in its counterclaim of an oral contract based on Insurer's agent's alleged assurance that there was coverage to pay off the mortgage in the event of the death of any named in-

sured. The trial court rendered judgment for Insurer.

■ Although neither party raised the issue of appellate jurisdiction, it is our duty to do so *sua sponte. Cooper v. Continental Fidelity Sur. Co., Inc.,* 851 S.W.2d 65, 67 (Mo.App.1993). A party may not appeal a judgment unless it is final, disposing of all parties and all issues in the case, leaving nothing for future determination. *Id.* If the trial court issues a judgment which does not dispose of all of the issues in a case, an appeal is allowed only if the trial court also expressly finds that "there is no just reason for delay." Rule 74.01(b). The trial court made no such finding in this case, nor would such a finding have been appropriate. Because the judgment fails to address Insured's counterclaim and the motions for summary judgment are insufficient to show there is no genuine issue of material fact as to that claim, the appeal must be dismissed for lack of a final judgment. *Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller, et al.,* 877 S.W.2d 702, 703 (Mo.App.1994) (judgment which did not dispose of severed counterclaim and did not contain an express finding of no just reason for delay was not final).

Appeal dismissed.

LAWRENCE E. MOONEY, C.J., and ROBERT G. DOWD, JR., J., Concurs.