**PITTSBURGH AIRPORT HOTEL, L.L.C. d/b/a Microtel Inn and Suites, Respondent,**

v.

**TRANS STATES AIRLINES, INC., Appellant.**

**No. ED 82007.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 14, 2003.

David John Arthur Hayes III, St. Louis, MO, for appellant.

Vincent Vogler, Jr., St. Louis, MO, for respondent.

*OPINION*

GLENN A. NORTON, Presiding Judge.

Trans States Airlines, Inc. appeals the order denying its motion to set aside a default judgment. We dismiss the appeal.

## I. BACKGROUND

The trial court entered default judgment against Trans States on Pittsburgh Airport Hotel, L.L.C.'s petition to collect a debt. Within thirty days, Trans States filed a special entry of appearance to contest service and requested that the default judgment be set aside. That pleading cited no rule authorizing relief. Before the hearing on that pleading, Trans States filed a motion under Rule 74.05 to set aside the default judgment. This motion was filed almost ninety days after the default judgment had been entered. The court entered an order, denying the motion for failure to plead a meritorious defense.

## II. DISCUSSION

Although neither party raises the issue, we have a duty to determine our jurisdiction *sua sponte. Landau v. Weil,* 87 S.W.3d 909, 910 (Mo.App. E.D.2002). Our

---

1. Given our disposition of this case, we do not reach any of the other bases on which this appeal could be dismissed.

jurisdiction over this appeal depends on whether the order is a final judgment.

The default judgment in this case became final thirty days after its entry. The first pleading requesting that the judgment be set aside, filed within thirty days, was not an authorized after-trial motion that could have extended the time within which the judgment became final. *See generally Koppenaal v. Director of Revenue,* 987 S.W.2d 446, 450–51 (Mo.App. W.D.1999); *see also Wooten v. Williams,* 827 S.W.2d 282, 283–84 (Mo.App. E.D. 1992). The motion to set the judgment aside under Rule 74.05 filed almost ninety days after the entry of judgment—well after it became final—is treated as an independent action. *See Gantz v. Director of Revenue,* 921 S.W.2d 156, 157 (Mo.App. E.D.1996). Thus, the trial court's disposition of that motion is an independently appealable judgment that must meet all prerequisites of appellate jurisdiction, including the requirement that it be denominated a "judgment" or "decree." *Popular Leasing USA, Inc. v. Universal Art Corp. of New York,* 57 S.W.3d 875, 878 (Mo.App. E.D.2001) (citing Rule 74.01(a)). This order is not denominated a "judgment" or "decree" and, therefore, is not a final judgment over which this Court has appellate jurisdiction. *Popular Leasing,* 57 S.W.3d at 878.

### III. CONCLUSION

The appeal is dismissed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.