Jody M. SMITH and Cherlyn Smith,
Plaintiffs/Appellants,

v.

Paul J. GARVIN, M.D., St. Louis University Hospital, St. Louis University, and Tenet Healthcare Corporation, Defendants/Respondents.

No. ED 84218.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 11, 2004.

Richard Crites, Springfield, MO, for Appellant.

Anita Kidd–Paul Garvin M.D. & St. Louis University, Timothy Dugan–St. Louis University Hospital & Tenet Healthcare Corporation, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Jody Smith and his mother Cherlyn Smith (collectively Appellants) appeal from an order granting the motion of defendants Paul Garvin, M.D., and St. Louis University Hospital (collectively Respondents) to dismiss Counts III and IV of Appellants' petition for damages. Because there is no final, appealable judgment, we dismiss the appeal.

The underlying case arises out of a kidney transplant surgery performed by Dr. Paul Garvin at St. Louis University Hospital. Jody Smith was the recipient of a kidney donated by his mother Cherlyn Smith. The donor kidney failed and was removed from Jody Smith the day after it was transplanted. Subsequently, Appellants filed the instant action against the

various defendants. Counts I and II of their petition sought damages against all defendants for medical malpractice in the care of Jody Smith. In Counts III and IV, Cherlyn Smith sought to recover for medical malpractice and negligent infliction of emotional distress. Respondents filed a motion to dismiss Counts III and IV. The trial court granted the motion to dismiss for failure to state a cause of action, dismissing Counts III and IV. Appellants then filed the instant appeal.

 In response to the appeal, Respondents have filed a motion to dismiss the appeal, contending there is no final, appealable judgment because the judgment disposed of fewer than all the issues, claims, and parties in the case. Appellants have failed to file a response.

An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *Am. Family Mut. Ins. Co. v. Lindley,* 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action and is subject to revision by the trial court at any time until final judgment. Supreme Court Rule 74.01(b). However, the trial court may determine that a judgment as to fewer than all claims or parties is final by expressly designating that "there is no just reason for delay." *Id.*

Here, Counts I and II are still pending against all the parties. Further, the trial court did not expressly designate in its judgment that "there is no just reason for delay." Therefore, the court's judgment is still subject to revision and is not a final, appealable judgment. Because the order fails to address Counts I and II, the appeal must be dismissed for lack of a final judgment. *Lindley,* 112 S.W.3d at 451.

In addition, the order from which Appellants appeal is not denominated a judgment. In a civil case, an "order" that is not denominated a judgment is not a final, appealable judgment. *Ransom v. Pimentel,* 125 S.W.3d 346, 347 (Mo.App. E.D.2004).

We grant Respondents' motion to dismiss and dismiss the appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.