Synetta GOODSON, Plaintiff/Appellant,

v.

NATIONAL SPORTS AND RECREATION, INC., d/b/a Oz Nightclub, Defendant/Respondent,

and

M.P. O'Reilly's, Inc., Defendant.

No. ED 84009.

Missouri Court of Appeals, Eastern District, Division Five.

May 18, 2004.

Linda Self, St. Louis, MO, for appellant.

Daniel Rabbitt Jr., St. Louis, MO, for respondent.

## SHERRI B. SULLIVAN, Chief Judge.

Synetta Goodson (Appellant) appeals from an order granting the motion of defendant National Sports and Recreation, Inc., d/b/a Oz Nightclub (Respondent) to dismiss Counts III, IV, and V of Appellant's petition for damages for lack of personal jurisdiction. Because there is no final, appealable judgment, we dismiss the appeal.

This suit arises out of a motor vehicle accident in which Appellant was rear-ended by Lori Mastrantuono, who was intoxicated. Appellant filed suit against two defendants, M.P. O'Reilly's and Respondent, for negligence and Illinois and Missouri dram shop statute violations. Respondent is a nightclub in Illinois. Respondent moved to dismiss the counts against it for lack of personal jurisdiction. On May 19, 2003, the court granted Respondent's motion to dismiss. The trial court concluded that Respondent had insufficient contacts with Missouri to subject it to personal jurisdiction in Missouri's courts. Appellant filed a motion to set aside the dismissal and leave to file an amended petition and conduct limited discovery. On December 29, 2003, the trial court issued another order denying Appellant's motions. Appellant filed the instant appeal.

This Court has a duty to examine its jurisdiction *sua sponte*. *Pittsburgh Airport Hotel, L.L.C. v. Trans States Airlines, Inc.*, 119 S.W.3d 183, 183 (Mo.App. E.D.2003). An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *Am. Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b).[1] However, the trial court may certify for appeal a judgment as to fewer than all claims or all parties by expressly designating that "there is no just reason for delay." *Id.*

Here, Counts I and II are still pending against M.P. O'Reilly's. Further, the trial court did not expressly designate in its order that "there is no just reason for delay." Therefore, the court's order is still subject to revision and is not a final, appealable judgment. Accordingly, the appeal must be dismissed for lack of a final judgment. *Lindley*, 112 S.W.3d at 451.

We issued an order directing Appellant to show cause why this appeal should not be dismissed. Appellant filed a response. Appellant asserts the order is a final, appealable judgment because a dismissal on jurisdictional grounds has the effect of terminating the litigation in the form cast.

---

1. All rule references are to Mo. R. Civ. P.2004, unless otherwise indicated.

Appellant's argument is misguided. First, the question in this case is not whether a dismissal on jurisdictional grounds is appealable. Instead, the question is whether an order disposing of fewer than all claims or all parties is a final, appealable judgment. Second, the cases upon which Appellant relies do not relate to judgments that fail to dispose of all claims and all parties, leaving claims pending. In both cases, all claims and all parties had been disposed. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 2 (Mo. banc 1997) (only one defendant); *Quelle Quiche, Ltd. v. Roland Glass Foods, Inc.*, 926 S.W.2d 211, 212 (Mo.App. E.D.1996) (court's judgment dismissed both defendants).

Appellant also relies upon *Gohlston v. Lightfoot*, 825 S.W.2d 864 (Mo.App. W.D. 1992), to argue that "an Order of Dismissal for Lack of Jurisdiction entered in favor of one of the two defendants in the case was an appealable judgment." However, the circuit court in that case had certified the order in question under Rule 74.01(b) and made an express determination that there was no just reason for delay. *Id.* at 866.

■ In addition, Appellant's notice of appeal states she is appealing the orders entered on May 19, 2003 and December 29, 2003. Neither of these orders was ever denominated a judgment. In a civil case, an order must be denominated a judgment in order to be final and appealable. *Ransom v. Pimentel*, 125 S.W.3d 346, 347 (Mo. App. E.D.2004).

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.