**MAR MEAT COMPANY, INC.,**
**Plaintiff/Respondent,**

v.

**Donald McDOWELL,**
**Defendant/Appellant.**

**No. ED 84919.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 19, 2004.

Donald McDowell, Farmington, MO, pro se.

Michael W. Silvey, Fredericktown, MO, for respondent.

GEORGE W. DRAPER, III, Chief Judge.

Donald McDowell (Appellant) appeals from the trial court's judgment granting the motion for summary judgment of Mar Meat Company, Inc. (Respondent) on Appellant's counterclaim. Because there is no final, appealable judgment, we dismiss the appeal.

Respondent filed a two-count petition against Appellant alleging trespass and conversion. Appellant filed an answer and

---

**3.** The District's motion to dismiss Schlientz's brief for failure to comply with Rule 84.04 is denied.

also filed a counterclaim, seeking lost sales of $140,000. Respondent filed a motion for summary judgment as to Appellant's counterclaim. The trial court granted Respondent's motion and entered summary judgment in favor of it on the counterclaim. Appellant then filed a notice of appeal to this Court. Respondent has filed a motion to dismiss the appeal, contending that the judgment in question is not final and appealable, because it only ruled on the counterclaim and the claims set forth in its petition are still pending.

■ An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b). However, the trial court may certify for appeal a judgment as to fewer than all claims or parties by expressly designating that "there is no just reason for delay." *Id.*

■ Here, both counts in the Respondent's petition are still pending in the trial court. The trial court only ruled on the Appellant's counterclaim. Further, the trial court did not expressly designate in its judgment that "there is no just reason for delay." Therefore, the court's order is still subject to revision and is not a final, appealable judgment. Accordingly, the appeal must be dismissed for lack of a final judgment. *Id.*

Appellant filed a response to the motion to dismiss. Appellant argues that his counterclaim is an "independent action" and therefore, any summary judgment in favor of a movant on a counterclaim is final and appealable. Appellant cites to *Gillman v. Mercantile Trust Co.*, 629 S.W.2d 441, 444 (Mo.App. E.D.1982) to support his assertion. However, the *Gillman* court relied upon Rule 81.06 in finding an exception existed to the final judgment rule. Rule 81.06 was repealed by the Missouri Supreme Court, effective January 1, 1988. Therefore, *Gillman's* reasoning is inapplicable to Appellant's case.

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.