Eva WAUGH, Plaintiff/Appellant,

v.

VANTAGE HOMES, INC., et al., Defendants/Respondents.

No. ED 85437.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 25, 2005.

Lee R. Elliott, Troy, MO, for appellant.

Philip J. Christofferson, St. Louis, MO, for respondent.

Joel D. Brett, St. Charles, MO, for defendant.

GEORGE W. DRAPER III, Chief Judge.

Eva Waugh (Appellant) appeals from the trial court's judgment granting the motion for summary judgment of Vantage Home (Respondent). Because there is no final, appealable judgment, we dismiss the appeal.

Appellant brought suit against multiple defendants to recover for trespass and for damages to her property that occurred while the defendants were building a home in an adjoining lot. She later filed an amended petition in which she made claims against Vantage Homes, Inc. (Respondent), Frank Martel, Christopher Roseman, and Mrs. Christopher Roseman. On September 21, 2004, the trial court entered an "Order of Partial Summary Judgment." The court granted Respondent's motion for summary judgment, but denied Martel's motion for summary judgment. Appellant filed this appeal from the 9/21/04 partial summary judgment.

Respondent has filed a motion to dismiss the appeal for lack of a final, appealable judgment. Respondent has also filed a motion for sanctions for frivolous appeal under Rule 84.19. Appellant has not filed a response.

An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The trial court may certify for appeal a judgment as to fewer than all claims by expressly designating that "there is no just reason for delay." *Id.*

Here, Appellant's claims against Frank Martel and the Rosemans remain pending in the trial court. The trial court has only ruled on the Respondent's motion and only entered a partial summary judgment. In addition, the trial court did not expressly designate in its judgment that "there is no just reason for delay." Therefore, the court's order is still subject to revision and is not a final, appealable judgment. Accordingly, the appeal must be dismissed for lack of a final judgment. *Id.*

Respondent's motion to dismiss is granted. The appeal is dismissed without prejudice for lack of a final, appealable judgment. Respondent's motion for sanctions is also granted. In this case, it is obvious that there is no final, appealable judgment. Appellant filed no response to Respondent's motion to dismiss or to its

motion for sanctions. Despite Respondent's request, Appellant refused to dismiss the appeal or attempt to have the trial court's judgment certified under Rule 74.01(b). Appellant is directed to pay sanctions in the amount of $250 to Respondent's attorney for his legal work in preparing a motion to dismiss the appeal. Said payment shall occur within 30 days of the issuance of the mandate of this Court.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.