Joseph P. MALONEY, John C. Wright, and Harry A. Robbins, d/b/a Maloney, Wright & Robbins, Plaintiffs/Appellants,

v.

Lee THURMAN, Jr., Defendant/Respondent.

No. ED 85393.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 22, 2005.

Robert S. Reid, Fredericktown, MO, for appellant.

David L. Mayhugh, Park Hills, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Joseph Maloney, John Wright, and Harry Robbins d/b/a Maloney, Wright & Robbins (MWR) appeal from the trial court's judgment entered on September 21, 2004, and "Orders entered by the Court on January 17, 2003, and October 25, 2002." Because there is no final, appealable judgment, we dismiss the appeal.

MWR is an accounting firm in Farmington, Missouri. MWR filed a petition for a temporary restraining order, permanent injunction, and damages against a former employee, Lee Thurman, Jr. (Thurman). Thurman left his employment with MWR on October 15, 1998 and set up his own accounting practice. While employed with MWR, Thurman had signed an employment contract that contained a two-year

non-solicitation clause. If Thurman violated it, then he was required to pay a certain percentage of his billings for that client for five years.

MWR filed a suit to enforce the provisions of the employment contract. In the course of discovery, MWR served interrogatories and a request for production of documents to Thurman requesting billing information about former MWR clients. Thurman objected to the discovery and filed a motion for a protective order. On October 25, 2002, the trial court entered a protective order that required both MWR and Thurman to disclose a client list and billing information for certain clients. This information would be provided to the court only. On January 17, 2003, the trial court amended its prior protective order.

On November 3, 2003, Thurman filed another motion for a protective order to avoid providing any financial information about certain clients. Thurman contended his employment contract was unenforceable with respect to certain clients served by seven former MWR employees. Thurman maintained MWR had not enforced its employment contract with those employees. MWR filed a motion to compel. The trial court held a hearing to determine whether or not Thurman was required to produce the requested documents and billing information concerning clients that were served by the seven former employees.

On September 21, 2004, the trial court entered a judgment ruling on Thurman's motion for a protective order and MWR's motion to compel. In the judgment, the trial court concluded the employment contract in question was not an "arms-length transaction; was an involuntary agreement; is vague, overbroad, overreaching, lacks consideration, has not been uniformly applied, has not been uniformly required to be signed by employees for continued employment, and some of the provisions ... are unconscionable." The court also concluded that some of the language in the contract amounted to an unreasonable restraint on trade. The court granted Thurman's motion for a protective order and concluded Thurman did not have to disclose any further financial information requested by MWR. The court then concluded, "while the Court believes that procedurally [Thurman's] oral Motion to Dismiss [MWR's] case should be and, therefore is, overruled, the Court does not, by overruling [Thurman's] oral motion to dismiss, indicate the Court's position in the event [Thurman] files a Motion for Summary Judgment." MWR appealed from the Court's judgment.

■■■ Although neither party has questioned the jurisdiction of this Court, we must determine our jurisdiction *sua sponte*. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The trial court may certify for appeal a judgment as to fewer than all claims by expressly designating that "there is no just reason for delay." *Id.* Here, the claims raised in MWR's petition are still pending. In addition, the trial court did not certify its judgment for appeal under Rule 74.01(b).

■■■ However, even if certified under Rule 74.01(b), the case must still resolve a

distinct judicial unit, that is at least one claim for relief. *See, Committee for Educational Equality v. State*, 878 S.W.2d 446, 450–51 (Mo. banc 1994). A claim for relief is the aggregate of operative facts giving rise to a right enforceable by a court. *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 487 (Mo.App. E.D.2000). A ruling on any issue that does not finally dispose of a claim is not a "judicial unit" for appeal and cannot serve as the foundation for a final judgment. *Id.* The required judicial unit for appeal is " 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.' " *Gibson*, 952 S.W.2d at 244, *quoting State ex rel. State Hwy. Comm'n v. Smith*, 303 S.W.2d 120, 123 (Mo.1957).

In the present case, a ruling on a protective order is not a final judgment because it fails to dispose of a separate or distinct claim. Only the issue of what financial information Thurman should be required to reveal has been decided. The claims that are based on the aggregate of operative facts raised by MWR in their petition remain to be resolved. Accordingly, the trial court did not resolve a distinct judicial unit or claim for relief.

We issued an order directing MWR to show cause why this appeal should not be dismissed. MWR has filed a response to our order. MWR argues that the judgment in question "implicitly disposes of all claims pending before the court." They cite to the rule that "a corollary to the general rule of finality allows characterization of a judgment as final where the decision on one claim implicitly disposes of the other claims." *Baumstark v. Jordan*, 540 S.W.2d 611, 612 (Mo.App.E.D.1976).

MWR ignores the requirement that there must be a decision on at least *one claim*. Here, the trial court made no rul-

ing on any of the pending claims. Rather, the court was ruling on a motion for protective order and motion to compel. This issue was the only one determined and the judgment in question did not resolve a single claim, but rather only resolved an ancillary issue in the case. While the trial court might have hinted at its ruling if a motion for summary judgment was presented, the judgment in question failed to resolve a separate claim for relief.

Without a final judgment, this Court is without jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.