**Edgar E. LIM, Appellant,**

v.

**Ganesh KRISHNAMURTH and Padma Ganesh, Respondents.**

**No. ED 86197.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 9, 2005.

Andrew W. Neill, St. Louis, MO, for respondents.

Priscilla J. Lim, St. Louis, MO, for appellant.

GLENN A. NORTON, C.J.

Edgar Lim (Appellant) appeals from the trial court's judgment dismissing his cause of action as barred by the statute of limitations. Because there is no final, appealable judgment, we dismiss the appeal.

On October 30, 2002, Appellant filed a petition against Respondents, seeking to recover payment for legal services rendered. The petition was filed in two counts. Count I sought to recover for suit on account, while Count II sought to recover for unjust enrichment. On October 18, 2004, Respondents filed a counterclaim against Appellant in four counts: (1) Count I, defamation; (2) Count II, tortious interference with immigration and naturalization rights; (3) Count III, prima facie tort; and (4) Count IV, breach of fiduciary duty. On October 25, 2004, the trial court granted Respondents' motion to dismiss Appellant's cause of action, concluding that it was barred by the statute of limitations. Appellant appealed to this Court.

Respondents have filed a motion to dismiss the appeal in which they assert the appeal is premature.[1] Respondents argue that the October 25, 2004, judgment is not ripe for appeal, because their counterclaim is still pending in the trial court. Appellant has filed two separate responses. In these responses, Appellant essentially concedes that the Respondents' counterclaim is still pending in the trial court. However, Appellant appears to argue that the

---

1. Respondents alternatively argue that if there is an appealable judgment, the notice of appeal is untimely. We need not reach this issue.

October 25, 2004 judgment is still appealable, because the counterclaim involves completely separate and different issues, which are independent of the issue in this appeal.

An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The trial court may certify for appeal a judgment as to fewer than all claims by expressly designating that "there is no just reason for delay." *Id.*

Here, the parties agree that not all claims in the case have been adjudicated. Therefore, there is no final, appealable judgment. Appellant's argument that the counterclaim issues are separate and independent goes only to whether the trial court should certify the October 25, 2004 judgment for appeal under Rule 74.01(b). The record does not show that the trial court ever certified there is no just reason for delay under Rule 74.01(b), nor does it show that Appellant has ever requested it.

The Respondents' motion to dismiss is granted. The appeal is dismissed without prejudice for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., Concur.