**BELL SCOTT, LLC,**
**Plaintiff/Respondent,**

v.

**WOOD, WOOD AND WOOD**
**INVESTMENTS, INC.,**
**Defendant/Appellant.**

**No. ED 86296.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 2005.

Joseph P. Cunningham III, Crystal City, MO, for Appellant.

Michael P. Kelly, Potosi, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Wood, Wood and Wood Investments, Inc. (Appellant) appeals from the trial court's order denying its motion to dismiss. Because there is no final, appealable judgment, we dismiss the appeal.

Bell Scott, LLC (Respondent) filed a petition seeking a prescriptive easement over Appellant's real property. Appellant filed a motion to dismiss the petition, contending Respondent's suit was barred by *res judicata,* because the issue had been previously determined in a prior lawsuit. On April 7, 2005, the trial court entered an order denying Appellant's motion to dismiss. In addition, the trial court stated, "Pursuant to Rule 74.01(b) of the Missouri Rules of Civil Procedure, the Court certifies this Order and Judgment, denying Defendant's Motion to Dismiss, as appropriate for appellate review, there being no just reason for delay." Appellant then filed its notice of appeal to this Court, although the case remains pending in circuit court.

Respondent has filed a motion to dismiss the appeal. Respondent asserts this Court lacks jurisdiction over the appeal, because the denial of a motion to dismiss is not appealable. In addition, Respondent argues that the trial court's designation of the order under Rule 74.01(b) is improper. In response to the motion, Appellant has filed suggestions in opposition in which it asserts that the Rule 74.01(b) designation is proper and that resolution of the *res judicata* issue is necessary at this juncture before judicial resources are allotted for trial.

A party may only appeal from a final judgment, one that disposes of all parties and claims in the case and leaves nothing for future determination. *American Family Mut. Ins. Co. v. Lindley,* 112 S.W.3d 449, 451 (Mo.App. E.D.2003). A judgment as to "one or more but fewer than all of the claims" may be certified for appeal if the trial court expressly designates under Rule 74.01(b) that "there is no just reason for delay." *Id.* However, a judgment that resolves fewer than all legal issues as to any single claim for relief is not final even if the trial court has certified it for appeal. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). A ruling on any issue that does not finally dispose of a single claim is not a "judicial unit" for appeal and cannot serve as the foundation for a final judgment. *Blechle v. Goodyear Tire & Rubber Co.,* 28 S.W.3d 484, 487 (Mo.App. E.D.2000). The required judicial unit for appeal is " 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.' " *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997), *quoting State ex rel. State Hwy. Comm'n v. Smith,* 303 S.W.2d 120, 123 (Mo.1957).

The denial of a motion to dismiss is not a final judgment and is not appealable. *Halbman v. Pitzer,* 22 S.W.3d 196 (Mo. App. E.D.2000). Moreover, the trial court's certification of under Rule 74.01(b) was improper. Rule 74.01(b) specifically states that the trial court may only certify "one or more but fewer than all of the claims" for appeal. The ruling in question did not finally dispose of a single claim in the case, but is instead simply a ruling on one issue.

The Respondent's motion to dismiss is granted and the appeal is dismissed.

GLENN A. NORTON, J., and NANNETTE A. BAKER, J., concur.