**Boaz RAFAELI, Plaintiff/Appellant,**

v.

**Vivian DELIA, Defendant/Respondent.**

**No. ED 85944.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 13, 2005.

William B. Langenbacher, Clayton, MO, for respondent.

Boaz Rafaeli, Clayton, MO, Appellant acting pro se.

GLENN A. NORTON, C.J.

Boaz Rafaeli (Appellant) appeals from the trial court's order dismissing his petition without prejudice. Because there is

no final, appealable judgment, the appeal is dismissed.

On October 28, 2003, Appellant filed suit against Vivian Delia (Respondent) seeking to recover personal property from her residence. In his petition, Appellant asserted that he and Respondent lived together in June 2003 and Appellant had moved his belongings into Respondent's home. Shortly after he moved in, Appellant asserts that Respondent took steps to keep him out of the home and he has been unable to retrieve his personal belongings. His petition set forth his allegations in four separate counts: bailment, negligence, conversion, and fraud. Appellant later attempted to amend his petition to add additional parties and counts, but the court denied him leave to amend. Respondent answered the petition and on August 24, 2004, she filed a counterclaim against Appellant, asserting that he had filed a *lis pendens* against her real property. In Count I of her counterclaim, she sought recovery for slander to title and in Count II she sought a declaratory judgment and/or affirmative injunction to terminate the *lis pendens*.

After a torturous history with the trial court, involving multiple motions and requests for sanctions from both sides, the court heard various motions on January 12, 2005, including Respondent's motion for sanctions, motion to strike, and motion for judgment on the pleadings. The court entered an order on that day finding Appellant in contempt of court for failing to comply with the court's order of December 13, 2004 to provide his address to the court. The court dismissed Appellant's petition in its entirety without prejudice, then granted Respondent's motion for sanctions and ordered Appellant to pay attorneys' fees of $500 to Respondent. After Appellant's motion for reconsideration was denied, he appealed to this Court.

■ After the case was on appeal, this Court questioned its jurisdiction to consider the "order" because it was not denominated a "judgment" as required by Rule 74.01(a). On July 5, 2005, the trial court entered a "judgment" in accordance with Rule 74.01(a). On July 22, 2005, the trial court amended its July 5, 2005 judgment to state that "Final Judgment is entered on plaintiff's petition in its entirety, that plaintiff's causes of action are each dismissed without prejudice and that defendant's counterclaim in the above matter remains pending." This judgment makes it clear that Respondent's counterclaim is pending in the trial court, which again raises the issue of this Court's jurisdiction to consider Appellant's appeal.

■ An appellate court only has jurisdiction over a judgment if it is final, disposing of all parties and all issues in the case, leaving nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). If the trial court issues a judgment which does not dispose of all of the issues in a case, an appeal is allowed only if the trial court also expressly finds that "there is no just reason for delay." Rule 74.01(b).

Here, the trial court's judgment addressed only Appellant's petition and did not address Respondent's counterclaim, which is currently set for trial on January 30, 2006. The trial court made no finding under Rule 74.01(b) that there is no just reason for delay in Appellant's appeal. Therefore, the appeal must be dismissed for lack of a final judgment.

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE, J. and BOOKER T. SHAW, J., concur.