**Tina GORDON and Dareisha Brandon, minors, by and through their next friend, Sophia Martin, Plaintiffs/Appellants,**

v.

**CITY OF ST. LOUIS, Defendant/Appellant,**

**and**

**Coregis Insurance Company, Defendant/Respondent.**

**No. ED 85942.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 10, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 2, 2006.

Application for Transfer Denied
April 11, 2006.

Patricia A. Hageman, City Counselor, Edward J. Hanlon and Maribeth McMahon, Associate City Counselors, St. Louis, for City of St. Louis.

Michael D. Stokes, Devereaux, Stokes, Nolan, Rutledge & Fernandez, P.C., St. Louis, MO, for Tina Gordon.

Andrew D. Dillon, Gallop, Johnson & Neuman, L.C., St. Louis, MO, Robert W. Brunner, Bollinger, Ruberry & Garvey, Chicago, IL, for respondent.

Before MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J., and PATRICIA L. COHEN, J.

## OPINION

### PER CURIAM.

Tina Gordon and Dareisha Brandon, minors, by and through their next friend, Sophia Martin (collectively referred to as Children), and the City of St. Louis (City) join in this consolidated appeal of: 1) the trial court's judgment setting aside Children's default judgment against Coregis Insurance Company (Coregis); and 2) the trial court's judgment granting Coregis' motion for summary judgment in Children's action for a post-judgment equitable garnishment. We dismiss as untimely the appeal of the trial court's judgment setting aside Children's default judgment. We affirm the trial court's judgment granting summary judgment to Coregis in Children's action for a post-judgment equitable garnishment. No precedential purpose would be served by an exposition of the detailed facts and law with regard to this point. Point denied. Rule 84.16(b).

### Facts

Children filed an action against City arising out of the death of their mother, Anita Martin (Mother). At trial, City conceded liability and the cause proceeded solely to determine the issue of damages. After obtaining their wrongful death award,[1] Children attempted to collect the awarded damages by filing a post-judgment petition for equitable garnishment against Coregis for the proceeds of an insurance policy (Policy) purchased by City and effective January 1, 2000. On April 16, 2002, Children obtained a default judgment (Default Judgment) in the equitable garnishment action due to Coregis' failure to answer or appear.

On May 9, 2003, Coregis filed a Motion to Quash Service of Process and for Relief from Judgment. On October 7, 2003, the trial court entered its judgment setting aside the Default Judgment due to insufficient service of process and Coregis' assertion of a meritorious defense of non-coverage. Coregis consented to waive service

---

1. This Court affirmed the trial court's judgment in the wrongful death action in a per curiam order. *Gordon ex rel. Martin v. City of St. Louis,* 77 S.W.3d 709 (Mo.App. E.D.2002).

and to voluntarily enter its appearance, and the trial court reset the cause for a status hearing.

Thereafter, City and Coregis filed separate motions for summary judgment, and Children joined in the City's motion. After hearing argument and reviewing the motions and supporting exhibits, the trial court denied City's motion for summary judgment and entered summary judgment in favor of Coregis on January 28, 2005, holding that the Policy did not provide coverage for Children's wrongful death claim because Mother's bodily injury did not occur during the policy period.

Children filed their notice of appeal on March 3, 2005, appealing both the January 28, 2005, grant of summary judgment and the October 7, 2003, judgment[2] setting aside the Default Judgment. City filed its notice of appeal on March 9, 2005, appealing the January 28, 2005, judgment. On our own motion, we consolidated the two appeals.

### Discussion

Children and City jointly filed their briefs as co-appellants. In their point challenging the trial court's judgment setting aside the Default Judgment on September 11, 2003, Children and City claim the trial court erred in doing so because service of process was properly obtained on Coregis. In their argument under this point, Children and City additionally raise the issue that Coregis' motion to set aside the Default Judgment more than one year after its entry was untimely.

A motion to set aside a default judgment under Rule 74.05 is treated as an

independent action, and a trial court's disposition of that motion is an independently appealable judgment. *Pittsburgh Airport Hotel, L.L.C. v. Trans States Airlines, Inc.,* 119 S.W.3d 183, 184 (Mo.App. E.D. 2003). Here, the trial court entered judgment setting aside the Default Judgment on October 7, 2003. Although the trial court's disposition became an independently appealable judgment, Children did not file their notice of appeal regarding it until March 3, 2005, more than a year after the judgment became final. Because Children and City did not file a notice of appeal within ten days after the date the judgment setting aside the default became final, their appeal of that judgment was untimely. Rule 81.04(a). Therefore, this Court is without jurisdiction and must dismiss this point on appeal. Point dismissed.

We dismiss only that portion of the appeal concerning the trial court's judgment setting aside the Default Judgment. The trial court's judgment granting Coregis' motion for summary judgment is affirmed. The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision pursuant to Rule 84.16(b).

---

**2.** The legal file contains two judgments purporting to set aside the Default Judgment, one dated September 11, 2003, and the other dated October 7, 2003. The trial court vacated the September 11, 2003, judgment on September 18, 2003, to allow the parties time to brief the issues more fully. In their notice of appeal, Children state they are appealing a judgment dated "9/11/03." In their brief, however, Children and City indicate that they are appealing the October 7, 2003, judgment which set aside the Default Judgment.