### Bonnie May DREPPARD, Plaintiff/Respondent,

v.

### Larry Dale DREPPARD, Defendant/Appellant.

No. ED 88587.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 9, 2007.

Nathan S. Cohen, St. Louis, MO, for appellant.

Susan M. Hais, Clayton, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

Larry Dale Dreppard (Husband) appeals from an order denying his motion to disqualify the guardian ad litem in this modification proceeding. Because the trial court lacked authority to certify its judgment as final under Rule 74.01(b), we dismiss the appeal.

The marriage of Husband and Bonnie Dreppard (Wife) was dissolved by a decree of dissolution of marriage on November 3, 2003. Husband filed a motion to modify

**622**

the dissolution decree on April 20, 2006, alleging there were substantial and continuing changes with respect to the child custody provisions and to abate child support. Husband also sought a temporary restraining order to prevent Wife from removing the children from his custody. On May 18, 2006, the court entered an order reappointing guardian ad litem Mardi Montello (GAL) to the case. On May 19, 2006, Husband filed a motion to disqualify the GAL, which the family court commissioner denied on May 25, 2006. Husband filed a motion for a rehearing on the order. On August 14, 2006, the trial court entered an order denying Husband's motion for a rehearing. On August 18, 2006, the trial court entered a judgment denying Husband's motion to disqualify the GAL. The judgment further stated that, "This order is deemed final for purposes of appeal and the Court expressly finds that there is no just reason for delay in entering judgement (sic) as to Respondent's motion to disqualify the GAL." Husband filed an appeal from this judgment.

■ The trial court attempted to certify this judgment for appeal under Rule 74.01(b). Even though the court certified the case for appeal under Rule 74.01(b), this Court has a duty to determine whether the certification is proper and this Court has jurisdiction. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Generally, to have jurisdiction, there must be a final, appealable judgment that disposes of all parties and claims in the case and leaves nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Rule 74.01(b) provides an exception to the finality requirement. It states, in pertinent part:

> When more than one claim for relief is presented in an action ... the court may enter a judgment as to one or more but

fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

■ However, certification for appeal under Rule 74.01(b) is effective only when the judgment disposes of a distinct judicial unit, that is, at least one claim for relief. *Gibson*, 952 S.W.2d at 239. A distinct judicial unit is defined as " 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.' " *Id.* quoting *State ex rel. State Hwy. Comm'n v. Smith*, 303 S.W.2d 120, 123 (Mo.1957). A judgment that resolves fewer than all legal issues as to any single claim for relief is not final despite the certification under Rule 74.01(b). *Maloney v. Thurman*, 157 S.W.3d 337, 340 (Mo.App. E.D.2005).

■ The certification under Rule 74.01(b) is improper, because the trial court's judgment fails to resolve a distinct judicial unit. The judgment in question does not finally dispose of even one claim in the modification proceeding, but instead is a ruling on an ancillary issue. All of the claims within the modification proceeding relating to child custody and child support remain pending in the trial court.

■ Husband has filed a response to the order to show cause. Husband asserts that a motion to modify is an independent proceeding and that the single issue on appeal is the disqualification of the GAL in that proceeding. We agree that a motion to modify is an independent proceeding. However, Husband fails to address the issue of whether the ruling on his motion to disqualify is a "distinct judicial unit" as defined by case law. Husband also asserts that in another unrelated case, a petition for writ of mandamus was denied concerning the same issue, so his appeal should proceed for the limited purpose of resolv-

ing this question. However, this Court does not have jurisdiction, even under Rule 74.01(b), if the judgment does not dispose of at least one claim raised in the petition. *Maloney,* 157 S.W.3d at 340. "The trial court cannot finalize that which is not considered 'final.'" *Brookshire v. Retz,* 111 S.W.3d 920, 923–24 (Mo.App. S.D.2003). This Court only has jurisdiction as provided by statute. Interlocutory appeals over miscellaneous issues are not permitted.

The appeal is dismissed.

KATHIANNE KNAUP CRANE and NANNETTE A. BAKER, JJ., Concur.