**TITLE PARTNERS AGENCY, LLC, Plaintiff/Respondent,**

v.

**Patrick DORSEY, Defendant/Appellant.**

**No. ED 93161.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 20, 2010.

Robert J. Maurer, Clayton, MO, for appellant.

Roger J. Selsor, Clayton, MO, for respondent.

## CLIFFORD H. AHRENS, Judge.

Patrick Dorsey ("Dorsey") appeals from the judgment of the trial court that awarded damages to Title Partners Agency LLC for its action for claims of unjust enrichment, fraudulent misrepresentation, and money had and received. Because there is no final, appealable judgment, we dismiss the appeal.

Dorsey was appointed the personal representative of the estate ("Estate") of his mother, Sharon Dorsey, following her death on November 28, 2001. The will was contested by one of Dorsey's siblings, and the will contest was not resolved until 2005 after a trial and appeal. *See Dorsey v. Dorsey*, 156 S.W.3d 442 (Mo.App.2005). Among the assets of the Estate was real property located at 7163 Princeton Avenue ("Property") in St. Louis County, Missouri. Dorsey received an offer for the Property in June 2007 from Kanefield Properties, Inc., a Missouri real estate broker, which he accepted on behalf of the Estate on June 21, 2007. The sale of the Property closed on July 23, 2007. At the closing, Dorsey executed an affidavit that there were no loans or mortgages on the Property. In fact, there was an outstanding second deed of trust on the Property on which Dorsey had made several payments as personal representative of the Estate. A title search by Title Partners Agency, LLC ("Title Partners"), conducted for the buyer of the Property, did not find this second deed of trust. At the closing, no money was withheld to pay off the second deed of trust, held at the time by Wachovia Mortgage Corporation. Title Partners ultimately paid Wachovia the sum of $6,688.77 to satisfy the debt owed on the second deed of trust.

Thereafter Title Partners filed a petition, subsequently amended, against Dorsey individually and in his capacity as personal representative of the Estate, and also against the devisees of the last will and testament of Sharon Dorsey ("Devisees") according to the St. Louis County Probate records. Title Partners' amended petition asserted claims based on breach of contract, unjust enrichment, fraudulent misrepresentation, and money had and received.[1] Apparently process was served only on Dorsey. However, Robert Maurer ("Counsel") entered his appearance on be-

---

1. Title Partners dismissed the breach of contract claim.

half of all the defendants. Counsel filed two motions to dismiss for failure to state a claim upon which relief could be granted, which the trial court denied. Counsel thereafter filed an answer on behalf of all defendants. In January 2009, trial briefs with accompanying exhibits, as well as proposed judgments, were filed by Dorsey and by Devisees. The matter was tried in a bench trial on April 15, 2009. The trial court entered judgment in favor of Title Partners against Dorsey only, awarding Title Partners a total of $6,456.23 plus court costs.

Dorsey now appeals from this judgment.

■■■ Dorsey asserts four points of error. However, this Court must first determine, *sua sponte*, whether it has authority to address the merits of the appeal. *Hall v. Wal–Mart Stores, Inc.*, 287 S.W.3d 714, 715 (Mo.App.2009); *see also J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009) (addressing the distinction between jurisdiction and authority). There must be a final judgment in order for appellate review, and where the judgment that is being appealed from is not final, this Court lacks authority and must dismiss the appeal. Section 512.020 RSMo 2000; *see Bannister v. Pulaski Financial Corp.*, 255 S.W.3d 538, 541 (Mo.App.2008). A judgment that is final and appealable disposes of all issues and all parties in the litigation, and leaves nothing for future determination. *Bannister*, 255 S.W.3d at 541. Any judgment as to fewer than all claims or all parties does not end the action, which makes it subject to the trial court's revision at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App.2004). The trial court may certify for appeal a judgment as to fewer than all parties or all claims by

expressly designating that "there is no just reason for delay." Rule 74.01(b).

■■ In the present case, the record does not indicate that the Devisees were ever dismissed from the case.[2] The trial court did not expressly designate in its judgment that "there is no just reason for delay[,]" and therefore its judgment is still subject to revision and is not a final, appealable judgment. *See Goodson*, 136 S.W.3d at 99. Accordingly, the appeal must be dismissed for want of a final judgment. *Id.*

Appeal dismissed.

KATHIANNE KNAUP CRANE, P.J., and NANNETTE A. BAKER, J., concur.

---

2. Both parties acknowledged in oral argument before this Court that claims as to the Devisees other than Dorsey had not been disposed of by the trial court.