Charlene DEWEY, by and through Her Guardian ad Litem, Rodney BOYD, Appellant,

v.

BARNES–JEWISH HOSPITAL, The Washington University Thoratec Corporation and Nancy Olson, Respondents.

No. ED 97924.

Missouri Court of Appeals,
Eastern District,
Division One.

June 26, 2012.

David M. Zevan, St. Louis, MO, for appellant.

Teresa Bartosiak, Sandberg Phoenix & von Gontard, Peter F. Spartaro, Moser & Marsalek, Matthew S. Hendricks, Baker, Sterchi, Cowden & Rice, St. Louis, MO, Kim M. Schmid, Bowman and Brooke, Minneapolis, MN, for respondent.

Before CLIFFORD H. AHRENS, P.J., ROY L. RICHTER, J., and GARY M. GAERTNER, JR., J.

PER CURIAM.

Charlene Dewey, by and through her Guardian ad Litem, Rodney Boyd, appeals the trial court's dismissal for lack of personal jurisdiction of her negligence claims against Nancy Olson. Because there is no final, appealable judgment, we dismiss the appeal.

Dewey filed a wrongful death lawsuit against multiple defendants in September 2008, subsequently dismissed her claims, and then refiled her claims on March 7, 2011, in her Second Amended Petition in the City of St. Louis, Missouri. Scott Schmidt ("decedent"), a resident of Illinois, underwent coronary bypass surgery at the Carle Foundation Hospital in Urbana, Illinois. Following the surgery, a ventricular assist device ("VAD") manufactured and sold by Thoratec Corporation, was implanted into decedent's chest.[1] Decedent could not be weaned from the VAD, and he was transferred to Barnes–Jewish Hospital ("Barnes"), where he died from exsanguination on January 2, 2007. Olson, a Minnesota resident, was the Territory Sales Manager for Thoratec, whose territory included Illinois and Missouri.

In her Second Amended Petition, Dewey made claims against Thoratec Corporation for strict product liability, failure to warn, negligent product liability, breach of express warranty, breach of implied warranty, negligent failure to warn, and negligent misrepresentation (Counts I–V, VII, and IX). Dewey made claims against Olson for negligent failure to warn and negligent misrepresentation (Counts VI and VIII). Dewey also made claims against Barnes–Jewish Hospital and Washington University for breach of the standard of care and *res ipsa loquitur* (Counts X–XI).

Olson filed a motion to dismiss for lack of personal jurisdiction. The trial court granted Olson's motion to dismiss. It found that Dewey had not demonstrated that Olson was transacting business in Missouri in the course of her communications with Carle Foundation Hospital and the surgeon regarding the proper use of the VAD. It further found that Dewey's claim was "wholly unrelated to the sale of Thoratec's VADs in Missouri[.]" The trial court also found that there was no showing of any intent that Olson's actions in Illinois were to have an effect in Missouri, that it

---

1. Thoratec is a California corporation.

was incidental that decedent was transferred to Missouri, and that Olson had no role in the transfer of the decedent to Barnes. The trial court concluded that there was no basis for specific personal jurisdiction under section 506.500 RSMo. 2000.[2] It also found that general jurisdiction was not applicable, and that Olson was not susceptible to service of process in Missouri, and concluded that personal jurisdiction over Olson was lacking and dismissed the counts against her.

Dewey now appeals from this judgment.

Dewey asserts two points of error. However, we have a duty to determine, *sua sponte,* our authority to address the merits of the appeal. *Title Partners Agency, LLC v. Dorsey,* 308 S.W.3d 308, 310 (Mo.App.2010). There must be a final judgment in order for appellate review, and when the judgment that is being appealed from is not final, we lack authority and must dismiss the appeal. Section 512.020; *see Title Partners,* 308 S.W.3d at 310. For a judgment to be final and appealable, it must dispose of all issues and all parties in the litigation, and leave nothing for future determination. *Title Partners,* 308 S.W.3d at 310. Any judgment as to fewer than all parties or all claims does not end the litigation, which makes it subject to the trial court's revision at any time until final judgment. Rule 74.01(b); *Title Partners,* 308 S.W.3d at 310. The trial court may certify for appeal a judgment that addresses fewer than all claims or all parties by expressly designating that "there is no just reason for delay." Rule 74.01(b).

In the present case, the trial court only dismissed the claims against Olson on Counts VI and VIII, leaving claims against Thoratec, Barnes, and Washington University. The trial court did not expressly designate in its order that "there is no just reason for delay." Therefore, the trial court's order is still subject to revision and is not a final, appealable judgment. *See Goodson v. National Sports and Recreation, Inc.,* 136 S.W.3d 98, 99 (Mo.App. 2004). Accordingly, the appeal must be dismissed for lack of a final judgment. *Title Partners,* 308 S.W.3d at 310.

The appeal is dismissed without prejudice.

---

2. Unless noted otherwise, all further statutory citations are to RSMo.2000.