Henry BLECHLE and, Louise
Blechle, Respondents,

v.

The GOODYEAR TIRE & RUBBER
COMPANY, Appellant.

No. ED 76503.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 2000.

Dan H. Ball, Bruce D. Ryder, John B. Kinsella, Thompson Coburn LLP, St. Louis, for appellant.

Robert J. Wynne, John M. Wynne, The Wynne Law Firm, St. Louis, for respondent.

## OPINION

JAMES R. DOWD, Judge.

The Goodyear Tire & Rubber Company appeals from the trial court's denial of its motion to tax Henry and Louis Blechle deposition expenses in the amount of $15,629.91 after the court granted the Blechle's motion to voluntarily dismiss their products liability claim against Goodyear without prejudice. We dismiss the appeal for lack of jurisdiction.

On December 14, 1995 Henry and Louise Blechle filed a products liability and personal injury suit against the Goodyear Tire and Rubber Company in the St. Louis Circuit Court. Their petition alleged that Henry Blechle was injured on July 2, 1993, as a result of the explosion of a Goodyear tire.

On March 18, 1998 a jury was sworn. On March 19 a stipulation was read to the jury. The record does not indicate the reason, but shortly after the stipulation was read the Blechles made an oral motion to dismiss without prejudice. On March 20, the trial court entered an Order granting the motion. As part of that Order, the

plaintiffs were "taxed all court costs" in the action. Thirty-four days later, on April 23, 1998, Goodyear filed a Cost Bill requesting that $16,204.91[1] in deposition expenses "be taxed as costs against plaintiffs and in favor of Goodyear, pursuant to § 492.590 RSMo (1997)." Nearly six months later, on October 19, 1998, the Circuit Court Clerk taxed costs against plaintiffs in the amount of $121.75, the amount then owed in miscellaneous court costs.

On March 18, 1999 the Blechles refiled their suit against Goodyear in the Circuit Court of Jefferson County. Eleven days later Goodyear filed another Motion in the St. Louis Circuit Court to tax the deposition expenses as costs. On June 4, 1999, the St. Louis Circuit Court entered an Order denying Goodyear's Motion to tax those expenses as costs. In its Order, the court explained that § 492.590 RSMo had been amended, and that as of July 1, 1997, deposition expenses are no longer "taxed," but must be "awarded as a judgment." The trial court reasoned that because Goodyear had not requested a "judgment" requiring the plaintiffs to pay deposition expenses and no such judgment was entered, Goodyear was not entitled to recover its deposition expenses. On June 14, Goodyear filed a Motion for Reconsideration, which the trial court denied on July 2, 1999.

Goodyear filed its Notice of Appeal on July 7, 1999. But the Order from which Goodyear appealed was not labeled a "judgment." Missouri Supreme Court Rule 74.01(a) requires that all appealable orders be *denominated* a "judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo.1997). This is a bright line rule, designed to assist the litigants and the appellate courts to distinguish between orders and rulings of the trial court that are final and appealable and those that are not. *Id*; *see also A.L. v. Peeler*, 969 S.W.2d 262 (Mo.App. E.D.1998). On January 18, 2000, this court granted leave al-

---

1. Goodyear subsequently amended its request to $15,629.91.

lowing Goodyear to return to the St. Louis Circuit Court to request that trial court to determine if the June 4, 1999 "order" was a final judgment, and if so, to denominate it as such. On March 1, 2000 the trial court signed a document labeled "Order and Judgment," denying Goodyear's Motion to tax their deposition expenses as costs. Goodyear now appeals that "Order and Judgment."

Goodyear's only point on appeal is that it was entitled to a final, appealable judgment taxing its deposition expenses as costs, as a matter of law. The Blechles claim we lack jurisdiction to hear this appeal because the "order and judgment" denying Goodyear its deposition expenses was neither a "final judgment" nor a "special order after a final judgment." They also argue that deposition expenses are no longer taxed as court costs owing to statutory changes that went into effect July 1, 1997. We address the jurisdictional issue first.

▮ Appellate jurisdiction is statutory. Section 512.020 RSMo (1994) provides that:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction ... from any final judgment in the case or from any special order after final judgment in the cause ...

The "final judgment rule," as codified in § 512.020, limits the right of appeal to those who have been aggrieved by a *final* judgment. *Hughes*, 950 S.W.2d at 852. "An appealable judgment disposes of all issues in a case, leaving nothing for future determination." *Id.*

▮ The final judgment rule is based on the belief that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is re-

solved in the trial court. *Wilson v. Hungate*, 434 S.W.2d 580, 583 (Mo.1968). The requirement that a final judgment be entered before an appeal can be taken is designed to avoid disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later in trial, and to promote judicial efficiency. 4 Am.Jur. 2d *Appellate Review* § 86 (1995). The requirement of finality is thus not a mere technicality; it is essential to the maintenance of a smoothly functioning judicial system. *Id.* The Court of Appeals, accordingly, is required *sua sponte* to determine whether a judgment is final for purposes of appeal, and if the appeal is found to be premature, it must be dismissed. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

▮ The "judgment" Goodyear obtained on March 1, 2000 did not become a "final judgment" for purposes of appeal merely because the judge called it a "judgment." *Gibson*, 952 S.W.2d at 244. "It is the content, substance, and effect of the order that determines finality and appealability." *Erslon v. Cusumano*, 691 S.W.2d 310, 312 (Mo.App.1985). "A judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such." *Committee For Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994).

In *Gibson* the trial court had dismissed some, but not all of the counts of the plaintiff's petition, but determined that there was "no just reason to delay" the plaintiff's appeal from that ruling. The Missouri Supreme Court, in dismissing, explained that a trial court's designation of its judgment as final "is effective only when it disposes of a distinct 'judicial unit.'" *Gibson*, 952 S.W.2d at 244. *Gibson* differs from the present case in that the *Gibson* court was deciding if an appeal would lie from a dismissal of some counts of a case when the trial court retained jurisdiction over others. While factually distinguishable, we find the *Gibson* court's

logic compelling and applicable. The *Gibson* court held that a ruling on any issue that does not finally "dispose of the claim" is not a "judicial unit" for appeal and therefore cannot serve as the foundation for a final judgment. *Id.* Judge Benton, writing for the Court, explained that a "judicial unit" comprises all the legal issues raised by a single fact situation:

> An order dismissing some . . . counts . . . is not considered an appealable judgment while the other counts remain pending because the counts are concerned with *a single fact situation.* It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

*Id.* (internal citations and quotations omitted)(emphasis added).

A final judgment must dispose of a "judicial unit," which is all legal theories of recovery arising from a single fact situation. *Id.* BLACK'S LAW DICTIONARY defines a "claim" as the "aggregate of operative facts giving rise to a right enforceable by a court." BLACK'S LAW DICTIONARY 240 (7th ed.1999). However named, a ruling *denying* costs after a voluntary dismissal without prejudice is not a final judgment because it fails to dispose of a "separate" or "distinct" *claim.* *Gibson,* 952 S.W.2d at 244. In the present case only the issue of costs has been actually ruled upon. The "occurrence" comprising the claim, yet to be disposed of, is that a tire exploded and injured Mr. Blechle. That claim has not been finally decided and the plaintiffs are free to and in fact have refiled the same suit.

■ Supreme Court Rule 67.02(d) and § 514.180 RSMo (1994) controls here. Rule 67.02(d) gives the power to order payment of costs to the trial court where a previously dismissed action is subsequently brought. It provides:

> If a plaintiff who has once dismissed a civil action in any court commences a civil action based upon or including the

same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed. In addition, if the plaintiff dismissed the previous civil action without prejudice within ten days of the date set for trial, the court may make an order for the payment of witness and other expenses, not including attorney fees, incurred by any other party that are caused to be incurred for the second trial because of the dismissal without prejudice of the previous civil action. The court may stay the proceedings in the civil action until the plaintiff has complied with any such order.

■ Section 514.180 says essentially the same thing. It reads:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the action previously dismissed and may stay the proceedings in the action until the plaintiff has complied with the order.

Both by Supreme Court Rule and statute the court where a dismissed suit has been refiled obtains jurisdiction over the issue of unpaid costs. Because plaintiffs have refiled their petition against Goodyear in Jefferson County, the trial court there has jurisdiction over the cost dispute between these parties. Efficient administration of justice requires that two courts not have jurisdiction over the same issue in the same case at the same time. *Crow v. Bertram,* 681 S.W.2d 6, 7 (Mo.App. E.D. 1984). We lack jurisdiction to hear this appeal. Respondents' motion to dismiss is granted.

GARY M. GAERTNER, P.J., and PAUL J. SIMON, J., concur.