Juan SAWYER, Respondent,

v.

**BI–STATE DEVELOPMENT AGENCY, Defendant,**

and

**CCC & C, Inc., Defendant,**

v.

**Genesis Indemnity Insurance Company, Appellant.**

**No. ED 89591.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 2007.

618

Robert L. Nussbaumer, St. Louis, MO, for appellant.

Terese A. Drew, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Genesis Indemnity Insurance Company appeals from a partial summary judgment entered against it and in favor of Bi–State Development Agency on Bi–State's third-party petition. The trial court concluded that Genesis was obligated under the terms of its insurance policy to defend Bi–State in a personal-injury action brought against Bi–State by Juan Sawyer. Be-

cause the trial court's judgment is not a final, appealable judgment, this Court is without jurisdiction to consider the appeal. Accordingly, we dismiss the appeal.

### Factual Background

Juan Sawyer filed a personal-injury action against Bi–State and CCC & C, Inc., a security company. Mr. Sawyer alleged that, in October of 2001, he was assaulted and severely injured while he was at the St. Charles Rock Road Metro Link station. At the time of the assault, CCC & C was under contract with Bi–State to provide platform security guards at certain Metro Link stations, including the St. Charles Rock Road station.

Genesis had issued a commercial general liability insurance policy to CCC & C, effective from June 29, 2001 to June 29, 2002, and containing an endorsement naming Bi–State as an additional insured. After Mr. Sawyer filed suit, Bi–State made demand upon Genesis to defend and indemnify Bi–State in the action. Genesis denied coverage based on certain exclusionary language in the policy, and therefore refused to defend and/or indemnify Bi–State.

Bi–State filed a third-party petition for declaratory judgment against Genesis, alleging that it was entitled to a defense and indemnification under the policy issued by Genesis, and seeking such a declaration. Genesis answered and also counterclaimed for declaratory judgment against Bi–State. Genesis maintained that there was no coverage owed to Bi–State because of exclusionary language in the policy and that, therefore, Genesis was not obligated to defend or indemnify Bi–State under the insurance policy. Genesis sought declarations that it owed no duty to defend Bi–State in the underlying claim filed by Sawyer, and that it was not obligated to indemnify or pay any judgment which may be rendered against Bi–State in the underlying claim filed by Sawyer.

Bi–State then filed a motion for summary judgment on its third-party claim against Genesis. Bi–State alleged that the policy of insurance issued by Genesis specifically provided coverage to Bi–State for the allegations set forth in Sawyer's petition, with regard to the work of CCC & C and the work of Bi–State. And, again, Bi–State alleged that Genesis owed a duty to defend and indemnify Bi–State in the Sawyer action. Bi–State requested that judgment be granted on all counts of its third-party petition against Genesis.

The trial court concluded that Genesis was obligated under the terms of its policy of insurance with CCC & C to defend Bi–State during the prosecution of the Sawyer case, and entered summary judgment in favor of Bi–State. Thereafter, the trial court declared that there was no just reason for delay and designated the partial summary judgment in favor of Bi–State on its third-party claim against Genesis as final for appeal. Genesis now appeals.

### Discussion

Even though the trial court certified its partial summary judgment as final for purposes of appeal pursuant to Rule 74.01(b), this Court has a duty to *sua sponte* determine whether the certification is proper and this Court has jurisdiction. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). A final judgment is a prerequisite for appellate review. Section 512.020 RSMo 2000; *Gibson*, 952 S.W.2d at 244. If the trial court's judgment is not final, this Court lacks jurisdiction and we must dismiss the appeal. *Gibson*, 952 S.W.2d at 244; *Columbia Mutual Insurance Company v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). A final, appealable judgment resolves all issues in a case, leaving nothing for future determination.

*Id.* And, generally, when considering finality of judgment, if a counterclaim is pleaded, the trial court must make a finding that disposes of the counterclaim. *Columbia Mutual,* 200 S.W.3d at 549.

Rule 74.01(b) provides an exception to this "finality rule" for cases with multiple claims or parties. *Gibson,* 952 S.W.2d at 244. In these cases, a trial court may enter judgment on less than all claims upon a express determination that there is "no just reason for delay." Rule 74.01(b). Specifically, Rule 74.01(b) provides in pertinent part as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

■■■ A trial court's certification of its judgment as final under Rule 74.01(b) is only effective, however, when the judgment disposes of a distinct "judicial unit," that is, at least one claim for relief. *Gibson,* 952 S.W.2d at 244; *Dreppard v. Dreppard,* 211 S.W.3d 620, 622 (Mo.App. E.D. 2007). A distinct judicial unit is defined as " 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.' " *Gibson,* 952 S.W.2d at 244 (quoting *State ex rel. State Highway Commission v. Smith,* 303 S.W.2d 120, 123 (Mo.1957)). A judgment that resolves fewer than all the legal issues as to any single claim for relief is not final despite the trial court's certification under Rule 74.01(b). *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). "Similarly, a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some legal rights open for future

adjudication, is not a final judgment under Rule 74.01(b)." *Columbia Mutual,* 200 S.W.3d at 550 (citing *Comm. for Educ. Equal.,* 878 S.W.2d at 450).

■ As noted in our prior *Columbia Mutual* decision, the meaning of "one claim for relief" is derived from federal cases construing Federal Rule of Civil Procedure 54(b), which Missouri's Rule 74.01(b) parallels. *Columbia Mutual,* 200 S.W.3d at 550. "One claim" means "one legal right, regardless of whether multiple remedies are sought." *Id.* Further, "one claim" means "the aggregate of operative facts which give rise to a legally enforceable right." *Id.* Stated differently, "claims are considered separate if they require proof of different facts and the application of distinguishable law, subject to the limitation that severing the claims does not run afoul of the doctrine forbidding the splitting of a cause of action." *Comm. for Educ. Equal.,* 878 S.W.2d at 451.

The purpose and policy behind Federal Rule 54(b) is to avoid redundant review of multiple appeals that share underlying facts and similar legal issues. *Id.* The federal rule was "designed to spare appellate courts from repeated review of the facts of a case on successive appeals." *Columbia Mutual,* 200 S.W.3d at 551. Missouri's Rule 74.01(b) serves these same purposes. *Comm. for Educ. Equal.,* 878 S.W.2d at 451; *Columbia Mutual,* 200 S.W.3d at 551.

■■■ To permit an appeal in this case, at this particular point in time, would defeat these purposes. Both issues in this case—the duty of Genesis to defend and the duty of Genesis to indemnify Bi–State in the Sawyer case—arise out of the same insurance policy. Both issues require interpretation of the policy language, specifically the exclusionary clause upon which Genesis relies. We hold that the trial

court's summary judgment did not dispose of one claim, or one distinct judicial unit. The trial court, in granting summary judgment for Bi–State, only ruled on the issue of whether Genesis has a duty to defend Bi–State in the Sawyer case. The trial court did not address the issue of whether Genesis has a duty to indemnify Bi–State. Contrary to the arguments of Genesis, the trial court's determination that Genesis was obligated to defend Bi–State did not resolve the issue of whether Genesis was also obligated to indemnify Bi–State in the Sawyer case. As discussed in this Court's prior *Lumber Mutual* decision, "the duty to defend is separate from the duty to indemnify." *Lumber Mutual Insurance Company v. Reload, Inc.*, 113 S.W.3d 250, 253 (Mo.App. E.D.2003). "The duty to defend is broader than the duty to indemnify." *Id.* "An insurer may have a duty to defend claims falling within the policy even if it may not ultimately be obligated to indemnify the insured." *Id.*

Thus, the trial court's determination that Genesis has a duty to defend Bi–State in the underlying Sawyer claim does not mean that Genesis will ultimately be obligated to indemnify Bi–State. "The duty to defend is determined by comparing the policy language with the allegations in the complaint." *Id.* The duty to indemnify, in contrast, is "determined by the facts as they 'are established at trial or as they are finally determined by some other means, for example through summary judgment or settlement.'" *Lumber Mutual*, 113 S.W.3d at 253 (quoting *McCormack Baron Management Services, Inc. v. American Guarantee & Liability Insurance Company*, 989 S.W.2d 168, 173 (Mo. banc 1999)). "The trial court cannot know what the facts will be or whether those facts will fall within the policy coverage until those facts are established at trial." *Lumber Mutual*, 113 S.W.3d at 253.

To conclude, the trial court's order and judgment granting summary judgment in this case only rules on the duty of Genesis to defend Bi–State. The trial court's judgment leaves undecided the issue of whether there was coverage afforded Bi–State under the insurance policy such that Genesis has a duty to indemnify Bi–State. Consequently, the trial court's judgment did not dispose of one claim or a distinct judicial unit. Accordingly, the trial court's certification pursuant to Rule 74.01(b) was not proper. The judgment is not final and, thus, this Court lacks jurisdiction to consider the appeal. Therefore, we dismiss the appeal.

BOOKER T. SHAW, J., and NANNETTE A. BAKER, J., concur.