**H. Jeffrey DAVIS and Jennifer M. Davis, Respondents,**

v.

**Tamica SHAW, Appellant.**

#### No. SD 29818.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 3, 2010.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 25, 2010.

Application for Transfer Denied April 20, 2010.

Jerry L. Reynolds, C. Brandon Stafford, Reynolds & Conway, P.C., Springfield, for Appellant.

Craig F. Lowther, Michael L. Miller, Lowther Johnson, LLC, springfield, for Respondents.

DANIEL E. SCOTT, Chief Judge.

This appeal was certified per Rule 74.01(b).[1] We dismiss it because the claim

---

1. Missouri Court Rule 74.01(b)(2009) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express de-

on appeal is inextricably intertwined with others still in the trial court.

## Background

We abbreviate, for the reader's sake, this case's extensive procedural history. The instant petition alleges that Ms. Shaw (Defendant) acquired a house from the Davises (Plaintiffs) by a contract for deed, but defaulted on her payments. Plaintiffs seek to recover the property and certain monies. Both the answer and counterclaim deny the agreement was a contract for deed and charge Plaintiffs with fraud. Defendant's affirmative claims and defensive allegations overlap, and her answer and counterclaim fully incorporate each other by reference.[2]

Plaintiffs obtained summary judgment on the counterclaim, the trial court finding "a valid contract for deed" and implicitly rejecting the fraud allegations. Without explanation, the court declared its judgment "final for purposes of appeal as there is no just reason for delay." This appeal ensued. Plaintiffs' contract claims and Defendant's defenses thereto remain in the trial court. We must determine whether the judgment before us was properly appealable. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).[3]

## Appealable Judgments and Rule 74.01(b)

■ An appealable judgment resolves "all issues in a case, leaving nothing for future determination." *Id.*; *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 486 (Mo.App.2000). This optimizes appellate review; avoids "oppressive and costly" piecemeal appeals; and is "designed to avoid disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later in trial, and to promote judicial efficiency." *Blechle*, 28 S.W.3d at 486. The final judgment rule "is thus not a mere technicality; it is essential to the maintenance of a smoothly functioning judicial system." *Id.*

■ Rule 74.01(b) provides a limited exception to this rule. *Gibson*, 952 S.W.2d at 244. A judgment fully disposing of at least one claim may be appealed if the trial court expressly finds "no just reason for delay." *Id.*; Rule 74.01(b). Such designation is necessary but not conclusive; the appellate court must determine the appeal's propriety *sua sponte*. *Gibson*, 952 S.W.2d at 244.

## Analysis

■ The parties assert that the counterclaim was a "distinct judicial unit"[4] fully resolved by the judgment. Yet even if so, we still must determine if there was "no just reason for delay." *Id.*; *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 550 (Mo.App.2006). We normally review such findings for abuse of discretion, with the standard being the "interest of sound judicial administration." *Eyberg v. Shah*,

termination that there is no just reason for delay.

2. Defendant's amended counterclaim "incorporates herein by reference the allegations stated in her Answer to Second Amended Petition[,] Counterclaim and Amended Answer to Second Amended Petition as if fully set out herein." Her amended answer "incorporates herein by reference, and affirmatively restates, the allegations stated in her Counterclaim and Amended Counterclaim as if fully set out herein."

3. We ordered the parties to show cause why the appeal should not be dismissed because their pleadings appeared too "factually intertwined" for a Rule 74.01(b) appeal despite the trial court's finding of "no just reason for delay." The parties support certification, so we have ordered further briefing and taken this issue with the case.

4. *See Gibson*, 952 S.W.2d at 244.

773 S.W.2d 887, 895 (Mo.App.1989). We are cautioned, however, to be skeptical when a trial court does not explain its reasoning. *Epstein*, 200 S.W.3d at 550. This is because Rule 74.01(b) certification:

> is not a mere formality. It requires the trial court to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. An express determination order should not be entered routinely, or as a courtesy or accommodation to counsel. Rather, numerous factors should be considered before making this determination. [Citations and quotation marks omitted.]

*In re Estate of Caldwell,* 766 S.W.2d 464, 466 (Mo.App.1989). The Eastern District has said that a trial court should specifically articulate why it finds "no just reason for delay," and absent such explanation, appellate review should be de novo with no deference. *Saganis–Noonan v. Koenig,* 857 S.W.2d 499, 500–01 (Mo.App.1993).

That said, we would dismiss the appeal under either standard. As in *State ex rel. Bannister v. Goldman,* 265 S.W.3d 280, 286 n. 1 (Mo.App.2008), "the action remains pending in the trial court as to all parties and the factual underpinnings of the claims are inextricably intertwined."[5] The claims here and in the trial court may be "distinct judicial units," but the validity and interpretation of the parties' agreement, the allegations of fraud, and similar issues are central to all. The instant judgment finds "a valid contract for deed" and implicitly rejects Defendant's fraud allegations. To affirm such judgment, for example, could not help but impact the contract claims and fraud defenses in the trial court involving the same parties, same contract, and same circumstances.

It was suggested that this appeal may expedite resolution of the trial court proceedings. Without criticizing such sentiments, we join the Eastern District in borrowing these comments on the comparable federal rule "to caution trial courts about entering Rule 74.01(b) certification routinely:

> To entertain an early appeal just because reversal of a ruling made by the district court *might* transpire and *might* expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse. This would leave the way clear for the four horsemen of too easily available piecemeal appellate review: congestion, duplication, delay, and added expenses. The path, we think, should not be so unobstructed.

*Saganis–Noonan,* 857 S.W.2d at 502 (quoting *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 46 (1st Cir.1988)).

### Conclusion

Piecemeal litigation is disfavored for good reason. Rule 74.01(b) certification was inappropriate because the factual underpinnings of this claim and those in the trial court are so intertwined. Appeal dismissed.

LYNCH, P.J., and RAHMEYER, J., concur.

---

5. Missouri courts often ask four questions in deciding if there is no just reason for delay: (1) is the case still pending in the trial court as to all parties; (2) can similar relief be awarded in each count; (3) would resolving the claims in the trial court moot the claim being appealed; and (4) are the factual underpinnings of all claims intertwined? *Goldman,* 265 S.W.3d at 286 n. 1. The first and fourth factors here greatly outweigh all others, especially with no trial court rationale to consider. *See also Jackson v. Christian Salveson Holdings, Inc.,* 914 S.W.2d 878, 882–83 (Mo.App. 1996) and *Saganis–Noonan,* 857 S.W.2d at 500–02, reaching similar conclusions via more extensive analyses.