TRUMAN BANK, Appellant,

v.

NEW HAMPSHIRE INSURANCE COMPANY and Maritime General Agency, Respondents.

No. ED 96720.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 29, 2012.

Don R. Sherman, Lori R. Koch, St. Louis, MO, for appellant.

James K. Mondl, Courtney Cullen Stirrat, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The plaintiff, Truman Bank, appeals the judgment entered by the Circuit Court of the City of St. Louis following a jury verdict in favor of the defendants, New Hampshire Insurance Company and its managing general agent, Maritime General Agency (collectively "the insurer"). The jury found that the bank did not sustain damages from the failure of the insurer to name the bank as a loss payee on checks issued to an insured whose property suffered storm damage.

We conclude that the trial court did not abuse its discretion in admitting evidence of events occurring after payment of the insurance proceeds that were relevant to the bank's claim for damages. We also hold that the court properly instructed the jury. Therefore, we affirm the trial court's judgment.

 Let us briefly outline the law. A third-party beneficiary is one who is not privy to a contract or its consideration, but who may nonetheless maintain an action for breach of contract. *General Motors Acceptance Corp. v. Windsor Group, Inc.,* 2 S.W.3d 836, 839 (Mo.App. E.D.1999). In a contract of insurance, an insured's creditor may be designated as a loss payee to receive proceeds, to the extent of its interest in case of loss. *St. Louis County Nat'l Bank v. Maryland Cas. Co.,* 564 S.W.2d 920, 928 (Mo.App.St.L.1978). In a breach-of-contract action, the plaintiff must establish: 1) the existence and terms of a contract; 2) the plaintiff's performance or tender of performance pursuant to the contract; 3) the defendant's breach of the contract; and 4) damages suffered by the plaintiff. *Keveney v. Mo. Military Acad.,* 304 S.W.3d 98, 104 (Mo. banc 2010).

 Now let us turn to the facts. In November 2006, the bank made a loan to the owner of a marina for improvements to the marina, and the owner pledged the marina as security for the loan. The owner procured coverage from the insurer in the event of property damage to the marina. The bank requested that the insurer name the bank as a loss payee if the insurer paid for a loss under its policy.

On or about December 1, 2006, the marina suffered significant storm damage. The insurer issued three checks to the marina for the property damage, but the insurer mistakenly failed to name the bank as a loss payee on the insurance checks because the insurer was still processing the bank's request that it be named as a loss payee when the storm struck.

The marina owner dutifully repaired the marina; the owner received the last of the three insurance checks in April 2007. Nonetheless, in October 2007 the bank complained to the insurer that it had not been named a loss payee on the insurance checks. The bank demanded that the insurer pay a second time for the storm damage to the marina, but that this time, the insurer pay the bank directly. In November 2007, the owner sold the marina and paid off its loan to the bank in full. Still, the bank continued to demand that the insurer pay a second time for the storm damage. Undeterred by the fact that the owner had repaired the marina and paid off its loan, the bank filed suit against the insurer. To add insult to injury, the bank sued both for breach of contract and statutory penalties for vexatious refusal to pay.

Following cross-motions for summary judgment, the trial court entered partial summary judgment in favor of the bank. The uncontroverted facts established that the insurance policy existed, that the bank was a loss payee on the policy at the time the storm damage occurred, and that the insurance company issued the proceeds to the marina without including the bank's name on the checks. Judge Robert Dierker correctly concluded that the insurer had mistakenly failed to name the bank as a loss payee on the insurance checks. However, Judge Dierker did not grant summary judgment on the question of damages or on vexatious refusal to pay. To the contrary, Judge Dierker held that in the bank's breach-of-contract action, "the issue of damages should go to the jury." Judge Dierker also concluded that the jury must decide the issue of vexatious refusal.

Thus, the bank had only to prove to a jury that it was damaged by the insurer's breach of contract to garner a verdict in its favor. The bank litigated this question for four days in the courtroom of Judge Lisa VanAmburg. We need not recite the bank's evidence of damages because, suffice it to say, the jury did not believe it. The jury rendered a verdict for the insurer on both its claim for breach of contract and its claim for vexatious refusal to pay. The bank appeals. The bank challenges the trial court's admission of evidence of events occurring after the insurer's payment of the insurance proceeds to the marina, and the trial court's verdict-directing instruction.

First, the bank argues that the trial court should have excluded evidence of matters occurring after payment of the insurance proceeds as irrelevant. It contends that its damages were "fixed" when the proceeds were paid to the marina. Thus, it unabashedly maintains, it suffered losses of $384,680.87—the aggregate amount of the insurance proceeds—because it lost the opportunity to use the funds either to repair the marina or pay down the debt. The bank asserts that evidence of loans made to other entities owned by the marina's owner, an agreement to pledge the marina as collateral on these other loans, the sale of the marina, the payoff of the original marina loan, and the bank's loan to the marina's buyer are irrelevant.

■ A trial court has broad discretion to admit or exclude evidence, and we presume that a ruling within the trial court's discretion is correct. *Gallagher v. DaimlerChrysler Corp.*, 238 S.W.3d 157, 166

(Mo.App. E.D.2007). We will reverse the trial court's ruling on the admission of evidence only where the court has abused its discretion. *Id.*

Citing *St. Louis County National Bank v. Maryland Casualty Company,* the bank argues that its damages became "fixed" in the amount of the outstanding debt on the marina-which exceeded the amount of the insurance proceeds-at the time the insurer made its third and final payment of the insurance proceeds. 564 S.W.2d at 928. Thus, the bank contends, later developments concerning other loans and transactions were irrelevant. *St. Louis County National Bank,* however, does not so hold. That case addressed whether a mortgagee had priority to insurance proceeds over the federal government's tax lien. *Id.* at 927. The Court held that the policy proceeds vested *pro tanto* in the loss payee, and not the insured, upon occurrence of the loss. *Id.* at 929. That case does not state that subsequent events cannot alter the loss payee's rights, nor does it even address that question. The bank's cited case does not support its conclusion that subsequent events are irrelevant, or that a loss payee can assert rights to insurance proceeds after the underlying loan is paid in full.

The bank had to prove it suffered damage as a result of the insurer's breach of contract. Given that, the trial court properly allowed the insurer to adduce evidence that the bank suffered no damage.

The challenged evidence was not only relevant, but apparently fatal. We can find no abuse of discretion in the trial court's ruling, and so deny the bank's first point.

■ In its second point, the bank claims the trial court erred in giving instruction number six, offered by the insurer, and in refusing the bank's offered instruction A. To reverse on grounds of instructional error, the bank must establish that instruction number six misdirected, misled, or confused the jury, and that prejudice resulted. *Dhyne v. State Farm Fire and Cas. Co.,* 188 S.W.3d 454, 459 (Mo. banc 2006).

The trial court submitted a verdict-director that required that the jury find damage before returning a verdict for the bank.[1] The bank submitted its proposed verdict-director that assumed the court had already found the bank suffered damages.[2] The bank argues that Judge Dierker, in his grant of partial summary judgment, had already found damage by granting partial summary judgment as to "liability." We have reviewed Judge Dierker's order, and we find that he granted summary judgment only as to the first three elements of the bank's case. He specifically noted that "the issue of damages should go to the jury." Judge VanAmburg understood Judge Dierker's order as we do. Thus, she instructed that

---

1. Instruction number six, derived from Missouri Approved Instruction (MAI) 26.02, stated:

 On [the bank's] claim for breach of contract against [the insurance company], your verdict must be for [the bank] if you believe that [the bank] was damaged as a result of [the insurance company's] failure to include [the bank's] name on the insurance proceeds checks.

2. The bank's proposed Instruction A modified MAI 31.07 and stated:

 Pursuant to this Court's previous order, [the insurance company is] liable to [the bank] for damages for failure to include [the bank] as a loss payee on insurance settlement checks. Therefore, you must award [the bank] such sum as you believe will fairly and justly compensate [the bank] for any damages you believe it sustained as a direct result of the failure to include [the bank] as a loss payee on the insurance settlement checks.

the jury had to find damage to the bank before returning a verdict in its favor.

 Even in the unlikely event that Judge Dierker erred by imprecision, Judge VanAmburg was free to revisit Judge Dierker's ruling because entry of partial summary judgment is interlocutory in character. *Stotts v. Progressive Classic Ins. Co.*, 118 S.W.3d 655, 660 (Mo.App. W.D.2003). "[A]n interlocutory judgment is one which reserves or leaves some further question or direction for future determination." *Norwine v. Norwine*, 75 S.W.3d 340, 343 (Mo.App. S.D.2002) (quoting *State ex rel. Great Am. Ins. Co. v. Jones*, 396 S.W.2d 601, 603 (Mo. banc 1965)). The trial court remains free to add to, amend, or set aside its ruling at any time prior to final judgment, *id.* at 344, and thus partial summary judgment does not serve as a final resolution. We find no error, and deny the bank's second point.

The trial court did not abuse its discretion in admitting evidence of subsequent events to defend against the bank's claim for damages. The trial court also properly instructed the jury. We affirm the trial court's judgment.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.