

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| ROCHELLE HARDIN, | ) | No. ED100045 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Steven H. Goldman |
| ADECCO USA, INC., | ) | |
| | ) | |
| Defendant/Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BIOMERIEUX, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TONY DANSBERRY, | ) | |
| | ) | |
| Defendant. | ) | Filed: January 28, 2014 |

## INTRODUCTION

Rochelle Hardin appeals from the judgment of the trial court granting Adecco USA, Inc.'s motion to dismiss. Because we find the trial court's certification for appeal unjustified, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Hardin was discharged from her employment at Biomerieux, Inc. on September 3, 2010. On November 3, 2010, she filed a Charge of Discrimination with the Missouri

Commission on Human Rights against Biomerieux, alleging discrimination based on sex, race, and retaliation. Hardin alleged the discrimination took place between July 1, 2010, and September 3, 2010. On June 27, 2012, she filed a Charge of Discrimination with the Missouri Commission on Human Rights against Adecco, an employment agency through which Biomerieux hired Hardin. She alleged the discrimination, based on retaliation, occurred between September 3, 2010, and January 23, 2012.

On July 20, 2012, Hardin filed a petition in the Circuit Court of St. Louis County against Adecco, Biomerieux, and Tony Dansberry, her direct supervisor at Biomerieux. She alleged employment discrimination based on gender (Count I), race (Count II), and retaliation (Count III), in violation of the Missouri Human Rights Act, against all three defendants. Thereafter, Adecco filed a motion to dismiss. The trial court granted Adecco's motion, finding Hardin had not exhausted her administrative remedies in that she failed to file a Charge of Discrimination against Adecco within 180 days of the alleged discrimination as required by the Missouri Human Rights Act. The trial court gave Hardin leave to amend her petition but noted the granting of Adecco's motion would stand despite any amendment because the 180-day issue could not be cured by amendment.

Hardin amended her petition and alleged the defendants failed to place her in other positions after her initial complaint of discrimination, giving rise her 2012 Charge of Discrimination. Thereafter, she appealed the trial court's order of dismissal. This Court issued an order to show cause why her appeal should not be dismissed for lack of a final, appealable judgment. Hardin voluntarily dismissed the appeal.

2

The trial court issued an amended judgment certifying there was no just reason for delay of the appeal in accordance with Rule 74.01(b), offering no explanation for its decision. Hardin again appeals from the judgment of the trial court granting Adecco's motion to dismiss.

## DISCUSSION

Hardin raises three points in her appeal. In response, Adecco questions the propriety of the trial court's certification of its judgment as appealable pursuant to 74.01(b). Adecco claims the certification is unjustified and contends the appeal should be dismissed. We agree.

If the judgment appealed from is not a final judgment, we lack jurisdiction and the appeal must be dismissed. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). An appealable judgment resolves all issues in a case and leaves nothing for future determination. *Davis v. Shaw*, 306 S.W.3d 628, 630 (Mo. App. S.D. 2010). Rule 74.01(b), however, provides a limited exception to this rule for cases with multiple claims. *Gibson*, 952 S.W.2d at 244. A trial court may enter judgment on fewer than all claims and certify that there is "no just reason for delay." *Id.*

Such designation is necessary, but not conclusive. *Davis,* 306 S.W.3d at 630. We must determine whether there was "no just reason for delay." *Id.* Normally, we review such findings for abuse of discretion, with the standard being the interest of sound judicial administration. *Id*. We should, nevertheless, be skeptical when a trial court does not explain its reasoning for the certification. *Columbia Mutual Insurance Co. v. Epstein*, 200 S.W.3d 547, 550 (Mo. App. E.D. 2006). A trial court should specifically articulate why it finds no just reason for delay, and absent such explanation, appellate review

3

should be *de novo* with no deference. *Saganis-Noonan v. Koenig*, 857 S.W.2d 499, 500-01 (Mo. App. E.D. 1993).

Even when a trial court designates its judgment final as to particular claims, this designation is effective only when the order disposes of a "distinct judicial unit." *Gibson*, 952 S.W.2d at 244. A judgment that dismisses one of two defendants on the basis of a defense available to only the dismissed defendant constitutes a distinct judicial unit reviewable on appeal. *Kinney v. Schneider National Carriers, Inc.*, 213 S.W.3d 179,182 (Mo. App. W.D. 2007).

Here, the trial court dismissed all Hardin's claims against Adecco. The trial court concluded Hardin failed to exhaust her administrative remedies against Adecco because she failed to file a Charge of Discrimination against Adecco within 180 days, as required by the Missouri Human Rights Act. Because the order dismissed all claims against Adecco on the basis of a defense only available to Adecco, it appears the trial court's order disposed of a distinct judicial unit.

However, even if a distinct judicial unit is disposed of, there remains the issue of whether the 74.01(b) certification is justified. Rule 74.01(b) certification is not a mere formality. *Davis,* 306 S.W.3d at 631. The trial court should exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. *Id.* An express determination order should not be entered routinely, or as a courtesy or accommodation to counsel. *Id.* Rather, numerous factors should be considered before making this determination. *Id*.

Missouri courts often consider four factors in deciding whether there is no just reason for delay: (1) is the case still pending in the trial court as to all parties; (2) can

4

similar relief be awarded in each count; (3) would resolving the claims in the trial court moot the claim being appealed; and (4) are the factual underpinnings of all claims intertwined? *Davis*, 306 S.W.3d at 631 n.5.

Here, the factual underpinnings of all Hardin's claims are sinuously intertwined. Hardin brought all three counts against all three defendants collectively. The basis of each of the three counts derives from Hardin's employment. Hardin alleges all three defendants were her employers and she was jointly employed by all of them. Indeed, she herself alleges the defendants' operations are so intertwined that they are an "integrated enterprise." We cannot adjudicate as a distinct judicial unit a claim that has as its core allegation that the acts of the various defendants are effectively indistinguishable.

Under these facts, we find certification under 74.01(b) was unjustified.

## CONCLUSION

We dismiss the appeal.[1]

_Lawrence E. Mooney_
LAWRENCE E. MOONEY, PRESIDING JUDGE

ROBERT G. DOWD, J R., J., and
SHERRI B. SULLIVAN, J., concur.

---

[1] The trial court's certification was improper. Therefore, its judgment is interlocutory in character. An interlocutory judgment reserves or leaves some further question or direction for future determination. *Truman Bank v. New Hampshire Ins. Co.* 370 S.W.3d 675, 679 (Mo. App. E.D. 2012). Therefore, the trial court remains free to add to, amend, or set aside its ruling at any time prior to final judgment. *Id.* Thus, the trial court may revisit its decision dismissing Adecco, now with the aid of *Farrow v. St Francis Medical Center,* 407 S.W.3d 579 (Mo. banc 2013).