

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, ex inf. | ) | No. ED100743 |
| ROBERT MCCULLOCH, | ) | |
| Prosecuting Attorney, St. Louis County, | ) | |
| ex rel. O.D. DONALDSON, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| Respondent | ) | |
| vs. | ) | |
| | ) | Hon. Steven H. Goldman |
| DARREN SMALL, | ) | |
| | ) | |
| Appellant. | ) | FILED:  June 30, 2014 |

Darren Small appeals the trial court's judgment and order ousting him from office as mayor of the City of Kinloch.   We dismiss the appeal for lack of finality.

St. Louis County Prosecuting Attorney Robert McCulloch filed a petition *in quo warranto* seeking Mr. Small's removal from office on two separate grounds.   Count I alleged that Small violated the Missouri Constitution anti-nepotism clause (Mo. Const. Art. VII §6) by hiring his cousin as city manager.   Count II alleged that Small was disqualified from office by operation of §561.021.1(1) RSMo in that he pleaded guilty to a felony.   Specifically, Small pleaded guilty to the class D felony of criminal non-support (§568.040), for which he received a suspended imposition of sentence (SIS) and was placed on probation for five years.

The trial court found that Small had indeed pleaded guilty to a felony and thus was disqualified from office under §561.021.1(1). The court therefore sustained the petition as to count II and entered its judgment and order ousting Small from office on that basis. The court did not make findings or enter a judgment as to count I.

On appeal, Small asserts that the trial court erred in ordering his removal based on §561.021.1(1) because the statute only mandates forfeiture of office "upon sentencing," and Small's sentence remains suspended. Small also filed a motion to stay execution of the trial court's judgment. Noting Small's likelihood of success on the merits given the statutory language, this court granted that motion. However, we also ordered the parties to brief the issue of finality in the absence of a judgment as to count I.

An appellate court has jurisdiction only over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. Lumber Mut. Ins. Co. v. Reload, Inc., 113 S.W.3d 250, 252 (Mo. App. E.D. 2003). If the trial court does not either resolve all issues or expressly designate that "there is no just reason for delay," then the appeal must be dismissed. Id. citing Rule 74.01.

Here, the trial court's judgment lacks any findings and conclusions on count I and leaves unresolved whether Small could be removed from office for violating the anti-nepotism clause of Mo. Const. Art VII §6. The trial court also did not certify its judgment for appeal as to count II by expressly finding no just reason for delay, as required by Rule 74.01. Consequently, the appeal must be dismissed for lack of a final, appealable judgment.

_Clifford H Ahrens_
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P. J., concurs.
Glenn A. Norton, J., concurs.

2